State v. Higgins.

THE STATE v. GROVER HIGGINS, Appellant.

Division Two, December 22, 1925.

1. **ROBBERY: Identification: Substantial Evidence.** Substantial evidence identifying defendant as one of the two robbers who were arrested twenty minutes after the robbery was committed at eleven o'clock at night, is sufficient to support a verdict of guilty, approved by the trial court.

2. **ARGUMENT TO JURY: Failure of Defendant to Testify.** Comments by the prosecuting attorney upon the conduct of defendant after his arrest are not to be construed as comments upon his failure to testify.

3. **EVIDENCE: Flight: Condition after Arrest.** It is proper for the State to show, as indicative of his flight, the exhausted condition of defendant when arrested, twenty minutes after the robbery, by a motorcycle policeman who started, fifteen minutes after the robbery, in the direction the two fleeing robbers had taken, and arrested in an alley defendant and another man who had dodged off the avenue and run through a vacant lot. Flight is always admissible as an incriminating circumstance in proof of the crime; and evidence of the facts and circumstances attending flight, which includes the condition of the accused when apprehended, is admissible to give probative force to the proof indicative of defendant's guilt.

Corpus Juris-Cyc. References: Criminal Law, 16 C. J., Section 1063, n. 551, n. 9, 11; Section 2240, p. 896, n. 85; Section 2249, p. 903, n. 59; Section 2255, p. 907, n. 17. Robbery, 34 Cyc., p. 1809, n. 82.

Appeal from Jackson Circuit Court.—*Hon. Thad B. Landon,* Judge.

AFFIRMED.

*Ralph S. Latshaw, Jr.,* for appellant.

(1) The demurrer in the nature of a peremptory instruction at the close of the State's evidence and again

at the close of the whole case should have been sustained. There was insufficient evidence and no substantial evidence upon which to base a conviction. State v. Jones, 71 Mo. 591; State v. Jones, 106 Mo. 312; State v. Woolard, 111 Mo. 248; State v. Crabtree, 170 Mo. 657; State v. Scott, 177 Mo. 665; State v. Swisher, 186 Mo. 1; State v. Dewitt, 191 Mo. 51; State v. Morney, 196 Mo. 43; State v. Francis, 199 Mo. 692; State v. Johnson, 209 Mo. 346; State v. Wheaton, 221 S. W. 29; State v. Goldstein, 225 S. W. 911; State v. Buckley, 274 S. W. 74. (2) The assistant prosecuting attorney in his opening and closing arguments to the jury and during the trial of the case, openly and flagrantly violated the rights of this defendant in his actions and remarks in the presence of the jury. State v. Young, 99 Mo. 666; State v. Moxley, 102 Mo. 374; State v. Woolard, 111 Mo. 248; State v. Snuder, 182 Mo. 462; State v. Webb, 162 S. W. 622; State v. Reppley, 213 S. W. 477; State v. Thompson, 238 S. W. 117; State v. Jones, 268 S. W. 83. (3) The court admitted incompetent and highly prejudicial evidence on behalf of the State, and the assistant prosecuting attorney was allowed to state evidence not in the record in his argument to the jury. State v. Jones, 268 S. W. 87; State v. Young, 99 Mo. 666; State v. Hance, 256 S. W. 534; State v. Cole, 252 S. W. 698.

*Robert W. Otto,* Attorney-General, and *W. F. Frank,* Assistant Attorney-General, for respondent.

The remarks of the prosecutor to the jury were not a comment on defendant's failure to testify and were not otherwise prejudicial. State v. Fields, 234 Mo. 615; State v. Hughes, 258 Mo. 264; State v. Gordon, 253 Mo. 510; State v. De Priest, 288 Mo. 459.

WALKER, P. J.—The appellant was charged with robbery in the first degree in an information filed in the Circuit Court of Jackson County. Upon a trial to a jury he was found guilty and his punishment assessed at five

years' imprisonment in the penitentiary. From this judgment he appeals.

At about eleven o'clock P. M., June 21, 1924, two masked men came into a drug store at 1744 Broadway, in Kansas City; one of them drew a revolver on Bell, the clerk, and ordered him to hold up his hands, and the other went to the cash register and took therefrom money, amounting to about eighteen dollars; they backed out of the store after the robbery and fled. About fifteen minutes thereafter a motorcycle policeman arrived on the scene in response to a phone call from the drug store. After securing a description of the robbers he proceeded in the direction of their reported flight and arrested two men in an alley who had dodged off of Washington Avenue and had run through a vacant lot.

Wiley Morris, who testified for the State, and who had seen the men in the drug store at the time of the robbery, accompanied the policeman and saw him make the arrest. After the arrest the men were brought back to the drug store and were identified by Morris, not positively, as they were masked, but by their apparel and size. A witness named Slaughter, employed at the drug store, saw the men walking up and down the street opposite the drug store. The last he saw of them before the robbery they were going towards the drug store. At that time they were not masked. When they were arrested and brought back to the drug store, about fifteen or twenty minutes after the robbery, they were identified by Slaughter as the men he had seen patrolling the street in front of the drug store. At the justice's office the appellant was positively identified by this witness. Minor circumstances also appear in the testimony which support the truth of the witnesses for the State in the identification of the appellant in the commission of the robbery.

In view of the statement we have set forth of the testimony it is deemed unnecessary to recount the circumstances in detail. The testimony of Shelton Thatcher, who was arrested with the appellant as a participant in

the robbery, is to the effect that he was keeping a restaurant in Kansas City at the time of the robbery; that the appellant was employed by him, and on the night the robbery occurred he and the appellant were at work in the restaurant until about eight o'clock, and between that time and nine o'clock he paid the appellant fourteen dollars for his services and left the restaurant; that he did not see the appellant thereafter until he was under arrest. He denied that he was dressed on the night of the robbery in the manner described by the State's witnesses, and stated that at the time the robbery is alleged to have occurred he had returned to his restaurant and had gone upstairs, after which, at about 11:45 P. M., he went to his room and retired. A rooming-house keeper where appellant and Thatcher lodged, stated that she saw them at her house at about 8:20 o'clock P. M., which was at least two and a half hours before the robbery, and that they were not dressed as stated by witnesses for the State.

A girl, who was a waiter in Thatcher's restaurant, stated that the appellant was at her room about an hour and a half, at from ten to 11:30 P. M., the night of the robbery; that Thatcher was also there at about ten o'clock. The appellant did not testify at the trial.

I. It is contended that there was no substantial testimony on which to base the verdict and that a demurrer to the evidence should have been sustained. We have set forth the facts bearing on the identification of the appellant as a party to the robbery and his arrest a few minutes thereafter while fleeing from the place of the crime. These facts were deemed sufficient by the jury to sustain a conviction and the trial judge in overruling the motion for a new trial put the seal of his sanction upon their verity. A careful examination of the facts, as fully set forth in the record, lends no encouragement to the contention that there was no substantial evidence for the State and we overrule the same.

Sufficient Evidence.

II. A review of the repeated objections to the conduct and remarks of the prosecuting attorney does not disclose a violation of the statutory injunction <span>Defendant's</span> against comments by counsel for the State on <span>Failure to</span> the failure of the appellant to testify. If <span>Testify.</span> Section 4037, Revised Statutes 1919, be construed as contended by counsel for the appellant it would preclude any reference whatever to his conduct or condition at the time of the commission of the offense and when he was arrested, and in addition any testimony of the witnesses for the defense. The record does not show that the references of the prosecuting attorney came within the inhibition of the statute which is limited to a reference to the defendant's failure to testify. The remarks complained of commented upon the condition of the appellant when brought back to the drug store after his arrest and also to the inconsistencies appearing in the testimony of appellant's witnesses. This was permissible and we find nothing in the remarks prejudicial to the appellant. [State v. Tracy, 294 Mo. 372; State v. McCleave, 256 S. W. 814; State v. Gallagher, 222 S. W. 465; State v. Steele, 280 Mo. l. c. 71.]

III. It was not error to permit the State to show the exhausted condition of the appellant when brought back to the drug store as indicative of his flight. Flight is always admissible as an incriminating circumstance in the proof of a crime. [State v. Jackson, <span>Condition</span> 253 S. W. (Mo.) l. c. 735; State v. Witherspoon, <span>When</span> <span>Arrested.</span> 231 Mo. l. c. 721; State v. Shipley, 171 Mo. 544; Porter v. State, 190 S. W. (Tex. Cr.) l. c. 164.] Evidence of the facts and circumstances attending the flight, which includes the condition of the accused when apprehended, is admissible to give probative force to the proof indicative of the appellant's guilt. [Johnson v. State, 120 Ga. 135.] Testimony of his character is admissible upon the assumption based upon human experience, that a guilty person will and an innocent one will not seek by his flight to avoid an inquiry of a charge of crime. [State v. Poe, 123 Iowa, 118, 101 Am. St. Rep.

307; People v. Brecker, 20 Cal. App. 1. c. 216; People v. Fisher, 16 Cal. App. 271; 16 C. J. p. 551, par. 1063 and notes.] The appellant, after the commission of the crime, fled precipitately from the scene and when arrested with Thatcher a few minutes (fifteen or twenty) thereafter he was perspiring freely and breathing hurriedly indicating that he had been running. The admission, therefore, of testimony of his condition when brought back to the drug store violated no rule of evidence and we overrule this contention.

The foregoing are the only points stressed by the appellant. They present no error justifying a reversal and the judgment is affirmed. All concur.