### LEONARD JOHNSON V. THE STATE.

No. 18242.   Delivered April 29, 1936.
Rehearing Denied June 24, 1936.

24

The opinion states the case.

*L. O. Meadows,* of De Kalb, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for assault with intent to murder with malice aforethought, punishment being assessed at ten years in the penitentiary.

We observe that in pronouncing sentence against appellant, the court overlooked application of the indeterminate sentence law. (Art. 775, C. C. P.). The sentence will be amended to direct that appellant be confined in the penitentiary for not less than two years nor more than ten years.

On the 28th day of August, 1934, Jess Childress, while going about his farm, received a severe injury which was described by the doctors as a "fracture of the skull into several small fragments which were pressing upon the brain." Childress was operated on; fragments of bone removed and the pressure on the brain relieved. He remained in the hospital about two weeks and then was taken home. His mind was in a much confused state. He could not recall what happened after the injury, nor how he received the injury. His mind was gradually restored, he recalling incidents progressively until the eightieth day after the injury when his mind appeared to have cleared entirely. He described the restoration of his memory by saying it seemed as "though an electric light had been suddenly turned on in a dark room." Up to that time he seemed to realize that his memory was coming back gradually and he had refused to make any statement as to how the injury was inflicted, but told the officers that as soon as he remem-

bered it he would immediately send for them, which he did. He testified that on the eightieth day after the injury was received, and since that time, he remembered distinctly that appellant had inflicted the injury upon him by striking him upon the head with some heavy instrument as he (Childress) was going through a fence in a stooping position; and that he glimpsed appellant as the blow was delivered. He claimed two other persons were with appellant but that he did not have an opportunity to see who they were. The doctor testified that the history of the restoration of memory of Childress as described by him and his wife was a normal recovery from such an injury as Childress had received. Appellant denied upon the witness stand that he had inflicted the injury and undertook to establish by himself and other witnesses an alibi. This issue was presented to the jury and upon the conflicting testimony they determined the issue in favor of the State.

We find only one bill of exception in the record. It complains of the refusal of the court to set aside the indictment upon the ground that unauthorized persons were with the grand jury at the time they were deliberating upon the accusation against appellant. No evidence seems to have been introduced in support of the averments in the motion, but there is incorporated in the bill the following statement or agreement of the district attorney:

"It is agreed that during the Grand Jury investigation of this case Jess Childress, the injured party, and his wife, Mrs. Jess Childress, were before the Grand Jury some two or three different times, at which time each of them appeared alone in the Grand Jury Room, but before the indictment was finally returned, and upon one occasion, some matter came up at which the Grand Jury permitted both of them to be in the room at the same time. They were in the Grand Jury Room together for a very few minutes, and with this exception, these two witnesses were not before the Grand Jury at the same time at any other time." The record, independent of the bill, shows that Mr. and Mrs. Childress were before the grand jury a number of times; upon the first of which occasions Mr. Childress did not remember how his injury was received, but later, after his memory was restored, he was again before the grand jury. It can readily be understood under facts such as are presented here why the grand jury might have thought it necessary to have Mr. and Mrs. Childress in the grand jury room at the same time. We perceive no such irregularity therein as would require the indictment to be set aside. Sub-

division 2, Art. 506, C. C. P., provides that an indictment may be set aside where:

"* * * Some person not authorized by law was present when the grand jury were deliberating upon the accusations against defendant, or were voting upon the same." It has been held in many cases that the term "deliberating upon the accusations against defendant" means the act of discussing the reasons for and against finding a bill of indictment and does not mean the mere examination of witnesses giving testimony. Cases so holding will be found annotated under Section 486, Branch's Ann. Tex. P. C. There is nothing in the bill of exception which indicates any violation of the statute in question. No such admission is found in the agreement of the district attorney. It is not shown, nor attempted to be shown, that any unauthorized person was with the grand jury while that body was deliberating upon whether an indictment should be returned against appellant, nor while they were voting on the matter.

No error appearing in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

KRUEGER, JUDGE.—Appellant in his motion for rehearing again insists that the evidence as to the identity of appellant is insufficient to sustain his conviction. The injured party testified that when he was bent over in an attempt to go through a wire fence he was struck by a person and knocked unconscious; that he gradually recovered his mental equilibrium and in the course of his recovery he realized, and so informed the officers, that when he had fully recovered he would be able to tell who srtuck him; that on the eightieth day after the alleged injury had been inflicted his mind suddenly cleared up and he remembered that appellant was the person who had assaulted him. The doctors, who attended and treated him, testified that the injury, such as the prosecuting witness had sustained, usually produced a mixed up mentality, much rattled as to co-ordination and co-operation in answering questions and knowing what has happened, and this was true in his case; that his injury was produced by a lick with some heavy object; that when a man receives an injury like that his memory is frequently impaired; that there is no fixed course that his memory will take in returning; that sometimes it will come back within a few days, sometimes in a few weeks, months, or years, and it may return gradually or suddenly and sometimes it never returns.

A more extended statement of the testimony appears in the original opinion. However, the foregoing statement is deemed sufficient to demonstrate that the testimony as presented at the trial raised an issue of fact for the jury who are the sole judges of the facts proven, the credibility of the witnesses, and the weight to be given to their testimony. After a careful review of all the facts we see no reason for changing our original opinion.

The matter relating to newly discovered evidence which appellant has set up for the first time in his motion for a rehearing, supported by affidavits, cannot be considered by this court inasmuch as this is a reviewing court and not a trial court.

Believing that the case was properly disposed of on original submission, the motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.