STATE OF MISSOURI, Respondent, v. HAROLD LEE HAGERMAN, alias B. E. STEWART, Appellant, No. 42188—238 S. W. (2d) 327.

Division One, February 12, 1951.

Opinion Modified on Court's own Motion and Motion for Rehearing Overruled in Opinion Filed, April 9, 1951.

No attorney for appellant.

*J. E. Taylor,* Attorney General, and *R. Wilson Barrow,* Assistant Attorney General, for respondent.

996

[328] LOZIER, C.—Appellant-defendant and Carl Davies were initially charged jointly with second degree burglary and larceny of two wrist watches, two cigarette lighters, a rhinestone bracelet, three pair of hose, two Eagle Stamp books, a revolver and two boxes of shells therefor and thirty dollars in cash. Defendant was tried upon an amended information charging defendant individually with second degree burglary and larceny of these articles and with three prior convictions under the Habitual Criminal Act. Sec. 4854, Mo. RS 1939 and Mo. RSA, now Sec. 556.280, Mo. RS 1949. He was found guilty of the burglary and the prior convictions and sentenced to ten years imprisonment, the maximum penalty for second degree burglary. Sec. 4445, [329] Mo. RS 1939 and Mo. RSA, now Sec. 560.095, Mo. RS 1949.

Defendant appealed. He filed here a transcript of the record, including the bill of exceptions containing all the evidence, but no brief; and the appeal was submitted upon the attorney general's brief. We have examined the record proper and have reviewed the

evidence to determine the validity of the assignments of error in defendant's motion for a new trial. Secs. 4125 and 4150, Mo. R. S. 1939 and Mo. RSA, now Secs. 547.030 and 547.270, Mo. RS 1949; State v. Jones, (Mo. Sup.) 227 SW 2d 713; and State v. Pippin, 357 Mo. 456, 209 SW 2d 132. As three of the ten assignments in the motion were directed to the sufficiency of the evidence, it is necessary to summarize the facts.

The following facts were not controverted: Sometime between 3 p. m. and 11:30 p. m. on January 15, 1949, when no member of the family was at home, the residence of Norman Schneider was broken into and the articles described in the information were stolen. About 9 o'clock the same evening, January 15, defendant and Davies were arrested, taken to the police station and searched. In Davies' possession was a cigarette lighter, and in defendant's possession were two wrist watches, a cigarette lighter and a fountain pen. All of these articles were identified by Schneider as among the articles stolen in the burglary the preceding afternoon or evening. At the trial, defendant and Davies admitted possession of the articles when arrested.

The defense was an alibi. Defendant testified that: between 2 p. m. and 6 p. m. on January 15, he was cleaning the walls of his girl friend's beauty shop; he then went and changed clothes, and then went to Davies' home about 7:30 p. m. There was no corroborating testimony as to this alibi.

Defendant and Davies explained their possession of the stolen articles on January 15, thus: On the night of January 14, they had dates with two girls and made dates for the evening of January 15; about 7:30 p. m., January 15, defendant met Davies at the latter's home; they went to a restaurant to eat supper; as they sat down at the table, defendant's foot came in contact with a paper sack containing some of the articles which Schneider later identified; defendant told Davies he would keep them until he found out who owned them and if there would be a reward offered; as Davies had no cigarette lighter, he (defendant) loaned him one of the two in the bag to use that night on their "double date"; they left the restaurant and hailed a taxi, and were arrested just after they entered the taxi and before the taxi started up.

At this point we rule adversely to defendant three of his assignments, viz.: that the evidence was insufficient to support his conviction of second degree burglary, that giving the second degree burglary instruction was not justified by the evidence and that his motions for a directed verdict should have been sustained. Defendant's admitted possession of the recently stolen property tended to show that he was guilty of the burglary. Such evidence, together with defendant's evidence to the contrary (his explanation of possession), were for consideration of the jury. State v. Wyre, (Mo. Sup.) 87 SW 2d 171; State v. Meeks, 327 Mo. 1209, 39 SW 2d 765. See also:

9 Am. Jur., Burglary, Sec. 74, p. 276; and 12 CJS, Burglary, Sec. 59, p. 735; State v. Oliver, 355 Mo. 173, 195 SW 2d 484; and State v. Denison, 352 Mo. 572, 178 SW 2d 449.

Defendant claimed that the verdict was based upon bias and prejudice. As a result of its generality, this assignment presents nothing for our review. State v. Jackson, 340 Mo. 748, 102 SW 2d 612. See also State v. Courtney, 356 Mo. 531, 203 SW 2d 72. Nevertheless, we have found nothing in the entire record which even suggests bias or prejudice on the part of the jury.

Defendant's fifth assignment is that "the court erred in compelling counsel for defendant to proceed to trial after said counsel had sought to withdraw from the case on the day of trial, and defendant was given no choice but forced to proceed to trial represented by reluctant, inadequate [330] and inexperienced counsel, nor was he advised as to his constitutional rights in acting as his own counsel, or permitted that prerogative."

There is nothing in either the record proper or the bill of exceptions to substantiate this assignment. The original information was filed February 24, 1949. Defendant was arraigned on March 4. There were three continuances, two of which were granted at defendant's request. The amended information was filed June 3. Three days later, on June 6, 1949, counsel employed by defendant entered his appearance as defendant's attorney, and was granted another continuance. A fifth continuance was ordered by the court on September 10. The case was tried on November 21, 1949. Defendant's counsel, chosen by defendant himself five months before trial, ably presented his client's cause. We overrule this assignment.

Two of the assignments alleged error in admitting in evidence copies of the records of defendant's convictions of and sentences for two felonies in the circuit court of Pulaski County, Arkansas, and of a felony in the United States District Court in Mankato, Minnesota; and admitting in evidence copies of the records of the Arkansas State Penitentiary and the United States Penitentiary at Leavenworth, Kansas, relating to defendant's incarceration and release under such sentences. As these copies were certified by the proper officials and were authenticated in accordance with the provisions of 28 USCA, Secs. 1738 and 1739, respectively, they were properly admitted. Sec. 1825, Mo. RS 1939 and Mo. RSA, now Sec. 490.220, Mo. RS 1949; State v. Tyler, 349 Mo. 167, 159 SW 2d 777; and State v. Brinkley, 354 Mo. 337, 189 SW 2d 314.

Furthermore, defendant took the stand and, on both direct and cross-examination, voluntarily testified as to these three specific convictions and as to serving the sentences in the two penitentiaries. Defendant admitted the facts contained in the certified copies and thus waived any objections to their admission in evidence. State v.

Kimbrough, 350 Mo. 609, 166 SW 2d 1077. See also State v. Hardy, 174 La. 458, 141 So. 27. This assignment is overruled.

Defendant next challenged, in two assignments, the sufficiency of the verdict in that it found him guilty of "three prior convictions of a felony," but failed to specify the three particular felony convictions set out in the information and shown by the state's evidence. Specific findings are sufficient. State v. Tyler, supra. But they are not required. In State v. Ortell, (Mo. Sup.), 50 SW 2d 1037, we held sufficient a verdict similar to the verdict here as responsive to an information similar to the information here. We rule this assignment against defendant.

Finally, defendant asserts that the Habitual Criminal Act is unconstitutional. Assuming that this constitutional question has been properly raised and preserved, "it suffices to say that the constitutionality of said statute has already been fully determined. See State v. Moore, 121 Mo. 514, 26 S. W. 345, 42 Am. St. Rep. 542; also the decision of the United States Supreme Court in the same case, Moore v. Missouri, 159 U. S. 673, 16 S. Ct. 179, 40 L. Ed. 301." State v. Taylor, 323 Mo. 15, 18 SW 2d 474.

As a result of our examination of the entire record, we hold that defendant had a fair and impartial trial in which there was no reversible error. Accordingly, the judgment is affirmed. *Van Osdol* and *Aschemeyer*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by LOZIER, C., is adopted as the opinion of the court. All the judges concur.

### ON MOTION FOR REHEARING

LOZIER, C.— In his motion for rehearing, defendant asserts that he is now in possession of newly discovered evidence, "the import of which would have resulted in a verdict of acquittal had this evidence been known by and available to appellant at the time of the trial." He states that two witnesses would [331] now testify in corroboration of his alibi between 2 p. m. and 6 p. m., January 15, 1949; and that these witnesses could not be located at trial time although "defendant, his counsel, his family and friends made every effort possible to locate them."

Attached to defendant's motion is a copy of an affidavit, dated October 21, 1950, by Carl Davies in which Davies asserts that he, and he alone, committed the burglary and larceny, and that he pleaded guilty thereto on December 9, 1949. (This was the same day defendant was sentenced.) Defendant now asserts that this evidence was not available to him at trial time "for the reason that defendant had no reason to anticipate such evidence, nor could it have been discovered and used if anticipated due to the fact that an information was pending against this witness at the time of said cause and the

witness was cautioned by the trial court that it was his constitutional right to refuse to answer any question if he thought such question to be self-incriminatory." For this reason, defendant argues, "even if this evidence could have been anticipated, it would have been unavailable to him at the trial; therefore, his inability to discover same at that time, or at any time prior thereto, does not constitute lack of due diligence."

We note that this assignment as to newly discovered evidence is made for the first time in the motion for rehearing. See 24 CJS, Crim. Law, Sec. 1830, p. 663; 3 Am. Jur., App. & Error, Sec. 798, p. 347; Johnson v. State, 131 Tex. Cr. 23, 95 SW 2d 697; and Turpin v. State, 149 Tex. Cr. 179, 192 SW 2d 277. However, had the assignment been made at the initial hearing of this appeal it could not have been sustained.

This court has only appellate jurisdiction in felony cases. 1945 Cons., Art. V, Sec. 3. We cannot "retry" defendant or grant him a new trial on the ground of newly discovered evidence. We can only review the proceedings of his trial as shown by the record before us in this appeal. See 24 CJS, Crim. Law, Sec. 1831, p. 668. (As to jurisdiction of the trial court and the appellate court to entertain such a motion pending appeal or after affirmance of conviction, see Anno., ALR 1091.)

In State v. Baldwin, (Mo. Sup.) 281 SW 943, this court, on its own motion, granted a rehearing to the defendant upon affidavits which were "very convincing evidence that the appellant is not guilty of the crime for which he was tried and that the verdict of the jury was a most grievous miscarriage of justice." However, "none of the foregoing considerations could justify reversal of the judgment against appellant, because they do not appear in the record before this court, and his conviction, unjust though it may be, must be affirmed or reversed upon the record made at his trial. If that judgment was rendered after a fair trial, it cannot be overturned, even though appellant be in fact not guilty. In that event, he must be remitted to executive clemency alone."

We do not have for review the propriety of any action of the trial court in denying a new trial because of this newly discovered evidence. See Annos.: 158 ALR 1062, 74 ALR 757; and 33 ALR 550. However, we observe, without so ruling, that apparently defendant has not shown due diligence and that the discovered testimony as to defendant's alibi was cumulative. We also note that Davies was not a codefendant, was defendant's witness, and waived his right to refuse to testify; and that the perjured testimony of which defendant now complains was given at defendant's instance in defendant's behalf by one for whose credibility defendant himself had vouched.

We have again studied the record in this case. We have found nothing suggesting that defendant did not have a fair trial or one in which there was reversible error. Therefore, the motion for rehearing is overruled. *Van Osdol* and *Aschemeyer, CC.,* concur.

PER CURIAM:—The foregoing opinion by LOZIER, C., is adopted as the opinion of the court. All the judges concur.