257 S.W.2d 919 (1953)
STATE
v.
BURKS.
No. 43362.
Supreme Court of Missouri, Division No. 1.
May 11, 1953.
*920 John M. Dalton, Atty. Gen., Grover C. Huston, Asst. Atty. Gen., for respondent.
VAN OSDOL, Commissioner.
Defendant, Herschel Burks, was convicted of rape by carnal and unlawful knowledge under Section 559.260 RSMo 1949, V.A.M.S. The jury assessed his punishment at four years imprisonment in the state penitentiary. Herein upon appeal from the ensuing judgment appellant has filed no brief, and we shall first examine the assignments of error set forth in the motion for a new trial in order to determine the disposition of the case upon this review.
Five of the eight assignments of error in the motion failed to comply with the provisions of Section 547.030 RSMo 1949, V.A.M.S. See also Supreme Court Rule No. 27.20. This court has repeatedly said the assignments that the court erred in giving each and every instruction given by the court, State v. Harmon, Mo.Sup., 243 S.W.2d 326, and cases therein cited; that the verdict is against the weight (or greater weight) of the evidence, State v. McHarness, Mo.Sup., 255 S.W.2d 826, and cases therein cited; that the verdict is the result of passion and prejudice on the part of the jury, State v. Hagerman, 361 Mo. 994, 238 S.W.2d 327, and cases therein cited; and that the court erred in excluding competent, relevant and material evidence or in admitting incompetent, irrelevant and immaterial evidence, State v. Courtney, 356 Mo. 531, 202 S.W.2d 72; State v. Biven, Mo.Sup., 151 S.W.2d 1114, are insufficient in stating "in detail and with particularity" the specific grounds or causes for a new trial and consequently preserve nothing for appellate review.
Relating to an assignment that "the verdict is so excessive as to show bias and prejudice on the part of the jury" the punishment assessed, in and of itself, does not demonstrate the bias, passion or prejudice of the jury. The four-year term was within the range of the punishment provided in Section 559.260, supra. It was the jury's function primarily to assess defendant's punishment within the statutory limits, subject to the trial court's discretionary power to reduce the punishment so assessed. State v. Rizor, 353 Mo. 368, 182 S.W.2d 525; State v. Mahan, Mo.Sup., 226 S.W.2d 593; State v. McHarness, supra; Section 546.430 RSMo 1949, V.A. M.S.; Supreme Court Rule No. 27.04. The evidence introduced was substantial in tending to show defendant was guilty of statutory rape, and no circumstance or trial event is disclosed in the record which would indicate that the jury was prejudiced against defendant and which would justify our interference with the trial court's action in refusing to grant a new trial, or which would indicate an abuse of the trial court's discretion in failing to reduce the punishment assessed.
In the sixth assignment in the motion for a new trial, error was specified in refusing to grant defendant a continuance because of the absence of a material witness. In examining the transcript of the record, we have ascertained that the material witness assertedly absent was in fact available, and was used by defendant as his witness in the trial of the cause and testified in defendant's behalf. In the eighth assignment, defendant stated that he had been erroneously led to believe another witness had been subpoenaed and was available; but had he, defendant, known at the time of trial "the true facts in regard to the absence of this important *921 witness he would have applied for a continuance on that ground." The record is devoid of any disclosure that defendant "called for" the witness, or requested the witness to testify. Nor does the record otherwise show the witness was not present or available. Nor has defendant stated in his motion for a new trial in what material way the testimony of such witness would have aided defendant's defense. Moreover, the motion for a new trial was not verified, and, there having been no showing or substantiation otherwise in the record, the statements of fact in the assignment did not prove themselves. State v. Henderson, 356 Mo. 1072, 204 S.W.2d 774; State v. Jacobson, 348 Mo. 258, 152 S.W.2d 1061, 138 A.L.R. 1154.
The defendant was charged by information in two counts. The first count, as stated, charged defendant with so-called "statutory" rape under Section 559.260, supra. The second count charged defendant with forceable rape under the same section, 559.260 supra. The trial court submitted the State's case to the jury upon the theory of statutory rape, that is, carnal and unlawful knowledge of a female child under the age of sixteen years. The first count of the information contained certain averments unnecessary in charging statutory rape. However, defendant did not in any way attack the information. And the first count also averred that on or about a stated date "Herschel Burks did then and there unlawfully and feloniously make an assault upon one L___ D___, * * * female * * *, the age of fifteen years, and her, the said L___ D___, he, the said Herschel Burks did then and there unlawfully and feloniously have carnal knowledge of and abuse * * *." These averments were substantially in language of formerly approved informations, and included the essential elements of the crime of statutory rape. State v. Hutchens, Mo. Sup., 271 S.W. 525; State v. Borchert, 312 Mo. 447, 279 S.W. 72; State v. Nichols, Mo.Sup., 165 S.W.2d 674; State v. Trumbull, Mo.Sup., 182 S.W.2d 524. After verdict, the unnecessary averments may be treated as surplusage. State v. Biven, supra; State v. Long, 341 Mo. 766, 108 S.W.2d 388; Section 545.030 RSMo 1949, V.A.M.S.; Supreme Court Rule No. 24.11.
The jury returned a verdict finding defendant "guilty as charged in the information" and assessed his punishment at four years in the state penitentiary, as stated. While the record fails to show a formal entry of an order of dismissal as to the second count of the information, the instructions authorized a conviction on the charge of only one crime, namely, statutory rape as charged in the first count of the information. The effect of the submission was to work an abandonment of the second count, although the second count was not dismissed of record. It is therefore clear that the verdict, general in form, was intended to apply and was responsive only to the charge as submitted and contained in the first count of the information. State v. Jacobson, supra. In State v. Lovitt, 243 Mo. 510, 147 S.W. 484, this court has said, "In determining the sufficiency of a verdict, the controlling object is to learn the intent of the jury, and, if such intent may be ascertained and the verdict made definite and certain by reference to the pleadings and instructions, it will be sustained, `and all reasonable presumptions are indulged to sustain the verdict, and that the jury has found all the facts necessary to support it.' State v. Bohle, 182 Mo. (58) loc.cit. 68, 81 S.W. 179". State v. Jacobson, supra [348 Mo. 258, 152 S.W.2d 1066].
Having determined that the information was sufficient, and that the verdict was in proper form and responsive; and having further seen in the record that allocution was afforded and judgment and sentence duly pronounced, we are of the opinion the judgment should be affirmed.
It is so ordered.
LOZIER and COIL, CC., concur.
PER CURIAM.
The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.
All of the Judges concur.