STATE of Missouri, Respondent,

v.

David ASH, Appellant.

No. 45006.

Supreme Court of Missouri.

Division No. 2.

Feb. 13, 1956.

Richard W. Mason, St. Joseph, for appellant.

John M. Dalton, Atty. Gen., Richard R. Nacy, Jr., Asst. Atty. Gen., for respondent.

BOHLING, Commissioner.

David Ash appeals from a judgment imposing a sentence of ten years imprisonment for burglary in the second degree. The information charged defendant in one count, under the habitual criminal act, with the commission of a burglary and larceny in Andrew county, Missouri. Sections 560.-070, 560.095, 560.110, 556.280, 556.290. Statutory references are to RSMo 1949, V.A.M.S. A change of venue was granted defendant to Holt county, Missouri. Thereafter, upon defendant's application and affidavit, the regular judge of the Fifth Judicial Circuit of the State of Missouri disqualified and the Honorable Ray Weightman, Judge of the Fourth Judicial Circuit, was transferred to try the case. In his brief defendant assigns error in refusing a continuance, in permitting the jury to separate, in admitting certain evidence, in the giving of an instruction, and in accepting the verdict of the jury.

We need not detail the evidence. Defendant does not challenge its sufficiency. The State's evidence warranted findings that defendant and Walter Metz, Jr., resi-, dents of Leavenworth, Kansas, committed the burglary and larceny charged in the information. It was to the effect that on the night of December 11, 1953, they left Leavenworth in a borrowed 1941 Chevrolet and drove to Savannah, Missouri, stopping at the feed and implement store of W. F. Burns; that defendant got out, walked around the building, knocked out a small pane of glass in the door, reached in, turned the night lock, and opened the door. The two then entered the building, removed the cash register and a safe, which was on rollers, placed them in the automobile and drove away. They returned to Leavenworth about 5:30 or 6:00 a. m. December 12, 1953, and were taken into custody on the same day. There was testimony that about $2,000 in checks and cash were taken in the burglary, of which $300 or more was cash, and that the safe had a value of $170.

According to the record, both sides announced ready for trial on December 7, 1954. After the jury had been empaneled and sworn to try the case, defendant's counsel informed the court that two witnesses, who had been subpoenaed, were not present, and that they were important witnesses on defendant's defense (alibi). An attachment was issued for the witnesses and at 11:30, after the State made its opening statement, the court recessed until 3:00 p. m. to secure their attendance. Counsel for defendant, the witnesses having not been located, requested the court to continue the trial to January 17, 1955, agreeing, briefly stated, that the jurors should be permitted to separate and return on January 17th; that the trial should then proceed as though it had gone forward without interruption, and that defendant would raise no issue that the action might constitute double jeopardy. The jurors were brought into the courtroom. The situation was explained to them. The court carefully admonished them as to their duties in the circumstances, and the trial of the case was recessed until January 17, 1955. On said January 17th, when court reconvened pursuant to the recess, the court made inquiry of the jurors whether they had complied with the instructions of the court, and, upon the jurors indicating that they had done so and defendant's

counsel indicating he was satisfied, the trial proceeded without any objection.

■■ Defendant's point that a continuance should have been granted on December 7, 1954, is without merit. We find no application for a continuance of record. 42 V.A.M.S., Supreme Court Rule 25.08; § 545.720; State v. Burlison, 315 Mo. 232, 285 S.W. 712 [5]. An application for a continuance should be made before the jury is sworn. State v. Schrum, 255 Mo. 273, 280(V), 164 S.W. 202 [4]. Defendant, according to the record, was granted all he orally requested of the court regarding a continuance.

■ Neither is there merit in defendant's contention that the separation of the jury prior to submission required a new trial unless the State affirmatively proved that the jurors were not subject to improper influence. The instant case was not a capital case as were State v. McGee, 336 Mo. 1082, 83 S.W.2d 98 [3]; State v. Bayless, 362 Mo. 109, 240 S.W.2d 114 [14–22], cited by defendant. In State v. Dodson, 338 Mo. 846, 92 S.W.2d 614 [1], defendant did not consent to the jury being allowed to separate during the progress of the trial. In felony cases, other than capital cases, § 546.230 provides that: "With the consent of the prosecuting attorney and the defendant, the court may permit the jury to separate at any adjournment or recess of the court during the trial in all cases of felony, except in capital cases * * *." In addition, the State was ready for trial and the delay or recess of the trial was had at the request and for the accommodation of the defendant. No objection was or with propriety could have been interposed to the action of the court in complying with defendant's request. Having requested and acquiesced in the court's action, defendant is estopped from successfully urging error thereon. State v. McVey, Mo., 66 S.W.2d 857 [5]; State v. Emrich, Mo., 250 S.W.2d 718 [10]; State v. Lemon, Mo., 263 S.W. 186 [9]; State v. Stanfield, Mo., 1 S.W.2d 834 [2, 3]; State v. Nenninger, 354 Mo. 53, 188 S.W.2d 56 [3–5]; State v. Davis, Mo., 251 S.W.2d 610 [8]; State v. Shipman, 354 Mo. 265, 189 S.W.2d 273 [9].

■ The verdict read: "We, the jury, find the defendant guilty of two prior convictions of felonies and Burglary in the Second Degree, and assess his punishment at imprisonment in the Penitentiary for the term of ten years." It is noted the verdict finds "defendant *guilty* of two prior convictions." The habitual criminal act, §§ 556.280, 556.290, contemplates only a finding of the "facts" of a prior conviction of a felony and discharge upon pardon or compliance with the sentence as charged in the information. Forms of verdict finding defendant "guilty" of a prior conviction are subject to criticism and should not be submitted to the jury. Defendant's guilt of the prior offense is not essential to a conviction of the offense on trial. State v. Hefflin, 338 Mo. 236, 89 S.W.2d 938 [2, 3], 103 A.L.R. 1301, among others. The act authorizes a greater punishment in the event the defendant be found guilty of the subsequent offense because of his persistence in perpetrating crimes. The punishment is for the offense on trial, not the prior offense. State v. O'Brien, Mo., 252 S.W.2d 357 [4, 5], certiorari denied 345 U.S. 929, 73 S.Ct. 790, 97 L.Ed. 1359; State v. Ward, 356 Mo. 499, 202 S.W.2d 46 [7, 8]; State v. Humphrey, 357 Mo. 824, 210 S.W. 2d 1002 [8]. Defendant is not placed twice in jeopardy. State v. Collins, 266 Mo. 93, 180 S.W. 866; State v. O'Brien, supra. See also State v. Tyler, 349 Mo. 167, 159 S.W. 2d 777 [7, 8]; State v. Brinkley, 354 Mo. 337, 189 S.W.2d 314 [35]. However, a verdict is not void if its meaning can be determined by reference to the record. State v. Villinger, Mo., 237 S.W.2d 132 [6, 7] and cases infra. The instant information charged defendant with having committed burglary and larceny. The verdict is sufficient although the offense of larceny is not mentioned. It constituted an acquittal of the larceny. State v. Hays, Mo., 252 S.W. 380 [1]; State v. Barbour, 347 Mo. 1033, 151 S.W.2d 1105 [3]. Notwithstanding its inapt wording, the verdict is also sufficient on the prior convictions. State v. Ortell, Mo., 50 S.W.2d 1037; State v. Foster, Mo., 251 S.W.2d 675 [5, 6]; State v. Martin, Mo., 275 S.W.2d 336 [9]; State v. Hagerman, 361 Mo. 994, 238 S.W.2d 327 [8];

State v. Baldwin, 214 Mo. 290, 306(VI), 113 S.W. 1123, 1127(6).

■ The verdict was returned on January 18, 1955, and defendant was given until February 17, 1955, to file his motion for new trial. Defendant filed a motion for new trial on February 10, 1955, and on May 12, 1955, filed an "amended motion for new trial." On May 14, 1955, the court made the following entry: " * * * at defendant's request, the court gave the defendant leave to file the amended motion heretofore filed on the 12th day of May, 1955." Motions for new trial are to be filed "within ten days after the return of the verdict: Provided, on application of defendant, the court may extend the time for filing such motion for an additional period of thirty (30) days: Provided further, the court shall have no power to make another or further extension of the time for filing said motion." Rules 27.20 and 31.02; § 547.030. The provisions of Rules 27.20 and 31.02 are mandatory; and defendant's motion for new trial filed on May 12, 1955, preserved no matter for review, it being a nullity. State v. Clark, Mo., 277 S.W.2d 593 [7]; State v. Murray, Mo., 280 S.W.2d 809 [1]; State v. Villinger, Mo., 237 S.W.2d 132 [10, 11].

■ There is no merit in defendant's complaint concerning the testimony of Highway Patrolman W. W. Wood that in the early morning of the robbery he observed a 1941 Chevrolet traveling south, the direction of travel from Savannah to Leavenworth, run a red stop light at the intersection of Highways 36 and 71, approximately 12 miles south of Savannah. He pursued the Chevrolet, taking its license number. He turned on his red light and siren and pulled up alongside the Chevrolet three times in efforts to stop it before the operator of the Chevrolet, whom he identified as defendant, forced him off of the highway and continued on south. This testimony was competent to show defendant's presence in the vicinity of the crime and efforts to avoid the danger of detection that might follow an arrest. State v. Taylor, 118 Mo. 153, 162(V), 24 S.W. 449, 451(5); State v. Higgins, 311 Mo. 599, 278 S.W. 977 [3];

State v. Craft, 344 Mo. 269, 126 S.W.2d 177 [8, 9]; State v. Silvey, Mo., 296 S.W. 128 [8–10]. It also corroborated the testimony of other witnesses for the State and tended to refute defendant's defense of an alibi.

■ We think the submission of the larceny charge was appropriately worded; but, whether this be so or not, the verdict of the jury acquitted defendant of the larceny and he is in no position to successfully urge error in connection with its submission. State v. Henderson, Mo., 284 S.W. 799 [5]; State v. Denison, 352 Mo. 572, 178 S.W.2d 449 [17]; State v. Cain, Mo.App., 31 S.W.2d 559 [7]; State v. Lawson, 360 Mo. 95, 227 S.W.2d 642 [3]; State v. Rosegrant, 338 Mo. 1153, 93 S.W.2d 961 [18]; State v. Preston, Mo., 184 S.W.2d 1015 [8].

■ Assignments in defendant's motion for new trial state that the records of defendant's prior convictions were "not properly certified and properly identified" and in defendant's brief state that said records "contained irrelevant, incompetent and prejudicial" and "unnecessary" matters. The assignments in the motion and in the brief differ. The records are certified to and the assignments do not "set forth in detail and with particularity * * * the specific grounds or causes" for the alleged error, are conclusions, and preserve nothing for appellate review. Rule 27.20; State v. Eison, Mo., 271 S.W.2d 571 [1]; State v. McGee, 336 Mo. 1082, 83 S.W.2d 98 [48]; State v. Kaner, 338 Mo. 972, 93 S.W.2d 671 [5–7].

■ The last above three mentioned points of defendant's brief, considered ex gratia, were not properly raised in a timely motion for new trial. They were not for appellate review. Rule 27.20; State v. McGee, supra, 83 S.W.2d 98 [50]; State v. Hinojosa, Mo., 242 S.W.2d 1 [24]; State v. Wilson, 361 Mo. 78, 233 S.W.2d 686 [12]. Defendant's brief cannot supply the deficiencies in his motion for new trial. State v. Hampton, Mo., 275 S.W.2d 356 [8]; State v. Kelly, Mo., 258 S.W.2d 611 [3, 4]; State v Henderson, 356 Mo. 1072, 204 S.W. 2d 774 [4].

Other grounds for exception in defendant's motion for new trial were not presented in his brief filed here. They are "deemed waived or abandoned." Rule 28.-02; State v. Johnson, 362 Mo. 833, 245 S.W.2d 43 [15, 16]; State v. Hayzlett, Mo., 265 S.W.2d 321 [1]; State v. Kelly, supra [2].

We have examined matters of record proper not hereinbefore mentioned and find no error therein. Defendant was accorded a fair trial. The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.