STATE of Missouri, Respondent,

v.

James Clyde REED, Appellant.

No. 45311.

Supreme Court of Missouri,

Division No. 1.

Feb. 11, 1957.

amount exceeding $30, and the jury found that he had been convicted of a prior felony, and hence the maximum penalty of seven years' imprisonment was imposed. Sections 560.155, 560.190, 556.280(2) RSMo 1949, V.A.M.S. From the ensuing judgment defendant has appealed.

No brief has been filed by the defendant and we must therefore examine the assignments in his motion for new trial. Three of the ten assignments relate to the insufficiency of the evidence to support a conviction. We will therefore state the facts as disclosed in the transcript filed herein.

■ The prosecuting witness testified that he lived at the Acme Hotel, 4040 Olive Street, St. Louis, Missouri. At about 6:45 p. m. on February 20, 1955, he left the hotel and went to a nearby drug store at the intersection of Sarah and Olive Streets. After making a purchase, Gill started back to the hotel but stopped for a short time at a tavern and drank a beer. When he came out he saw three men standing in front of the tavern. As he started toward the hotel one of them called, "Wait a minute." They caught up with him and two of the men grabbed his arms and "stripped" off his coat. The third man came up behind him and "went into" his pocket. All three of the men then left the scene of the occurrence and Mr. Gill picked up his coat and wallet from the sidewalk, discovering that thirty-two dollars had been taken from his wallet. He then went to the hotel and had the room clerk call the police.

Two police officers arrived in about ten minutes and Gill went with them in search of the men. Within a few minutes they saw defendant and one Edward Ray walking down Olive Street and Gill recognized them as the two men that had held his arms. They were arrested, questioned and searched. No substantial sum of money was found in the possession of either of these men. According to Gill and one of the officers, defendant denied taking the money, but stated that they had been in a scuffle with the prosecuting witness.

Defendant and Edward Ray each testified that they did not take the money and

Shepard R. Evans, St. Louis, for appellant.

John M. Dalton, Atty. Gen., Grover C. Huston, Asst. Atty. Gen., for respondent.

HOLMAN, Commissioner.

Defendant (appellant) James Clyde Reed was found guilty of the offense of larceny from the person of Robert Gill in an

had never seen Gill until they were arrested.

■. As indicated by the foregoing statement, the prosecuting witness made a positive identification of defendant as being one of the men who held his arms while the larceny was being committed. That testimony constituted substantial evidence from which the jury could reasonably find defendant guilty of the offense charged. In passing upon the sufficiency of the evidence we consider that testimony as true. State v. Harmon, Mo.Sup., 243 S.W.2d 326. We therefore rule that the trial court did not err in overruling defendant's motions for judgment of acquittal.

■ Another assignment of defendant is that the court erred in permitting the State to amend the information after the jury was selected and sworn. This contention is without merit. According to the transcript the only amendment of the information on the date of trial was made before the jury was selected and without objection on the part of defendant.

■ The State charged, under the Habitual Criminal Act, Section 556.280(2) RSMo 1949, V.A.M.S., that defendant had been convicted of the prior felony of armed robbery in the circuit court of Dunklin County, Missouri, and sentenced to fifteen years' imprisonment in the penitentiary. Records were admitted in evidence indicating that J. C. Reed was convicted of said offense in said county on November 28, 1938; that he began serving the 15-year sentence in the state penitentiary on August 8, 1940, and was discharged under commutation of sentence February 21, 1950. On cross-examination the defendant admitted that he had been so convicted and sentenced. In his motion for new trial defendant states that the court erred in admitting evidence of the prior conviction. No reason is suggested as to why the evidence should not have been admitted and hence it would appear that the assignment is probably too general to preserve anything for review. However, it may be noted that it was necessary to prove the former conviction in order to support a submission of that issue

to the jury. State v. Dalton, Mo.Sup., 23 S.W.2d 1.

■ Another assignment of error is the alleged failure of the State to offer proper testimony showing that defendant was the same person as the one named in the record of the prior conviction. The name appearing in the records of the Dunklin County case is J. C. Reed. However, the records of the penitentiary showing the imprisonment under that conviction lists the prisoner as J. C. Reed and also as James Clyde Reed. Identity of names has been said to be prima facie sufficient to establish defendant's identity for the purpose of showing a prior conviction within the Habitual Criminal Act. State v. Hands, Mo. Sup., 260 S.W.2d 14. However, in this instance, it was unnecessary to rely solely upon that rule in view of the admission of the defendant as shown by the following: "Q. I will ask you whether or not, Mr. Reed, on November 28th, 1938, you were convicted of armed robbery in Dunklin County and sentenced to fifteen years in the Missouri State Penitentiary? A. That is correct." We rule this point against defendant.

■ The remaining assignments in the motion are as follows: "6. The court erred in refusing to allow defendant to introduce testimony showing the innocence of the defendant. 7. The court erred in permitting the State to introduce incompetent, irrelevant and immaterial testimony over the objection of the defendant. 8. The verdict is the result of the bias and prejudice of the jury. 9. The verdict is against the weight of the evidence and the law under the evidence." We are considering these assignments together because we are of the opinion that each is too general and would preserve nothing for review. 42 V.A.M.S.Supreme Court Rule 27.20 provides that a motion for new trial "must set forth in detail and with particularity * * * the specific grounds or causes therefor." It is obvious that the foregoing assignments do not comply with that rule. "This court has repeatedly said the assignments * * * that the verdict is against the weight (or

greater weight) of the evidence, State v. McHarness, Mo.Sup., 255 S.W.2d 826, and cases therein cited; that the verdict is the result of passion and prejudice on the part of the jury, State v. Hagerman, 361 Mo. 994, 238 S.W.2d 327, and cases therein cited; and that the court erred in excluding competent, relevant and material evidence or in admitting incompetent, irrelevant and immaterial evidence, State v. Courtney, 356 Mo. 531, 202 S.W.2d 72; State v. Biven, Mo.Sup., 151 S.W.2d 1114, are insufficient in stating 'in detail and with particularity' the specific grounds or causes for a new trial and consequently preserve nothing for appellate review." State v. Burks, Mo. Sup., 257 S.W.2d 919, 920.

We have examined the record and find no error relating to matters not required to be preserved in the motion for new trial. The information properly charges the offense of which defendant was convicted. The verdict is in proper form. Defendant was granted allocution. The sentence and judgment are responsive to the verdict.

Judgment affirmed.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.