EMMA N. ROSE, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, May 6, 1907.

1. **NEGLIGENCE: Contributory Negligence: Using Eyes: Modification of Instruction.** A modification of an instruction relating to plaintiff's use of her eyes and other senses in walking over a street is held not to have materially changed its sense and strength.

2. **TRIAL PRACTICE: Evidence: Argument: Judge and Jury.** The judge is to instruct the jury who are the sole judges of the facts and the application of the law thereto; and where counsel disagree as to the testimony of a witness the court cannot decide the matter but should simply leave it to the jury, and any other course tends to establish a vicious practice and should be condemned.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

REVERSED AND REMANDED.

*Edwin C. Meservey,* City Counselor, and *Francis M. Hayward,* Associate City Counselor, for appellant.

(1) The verdict was so excessive as to show passion and prejudice on the part of the jury. Nicholds v. Glass Co., 126 Mo. 55; Johnson v. Railroad, 67 Minn. 260; Collins v. Janesville, 111 Wis. 348; Bennett v. Backus L. Co., 77 Minn. 99; Corcoran v. Western D. R. Co., 40 N. Y. Supp. 1117. (2) The court erred in not granting a new trial on the ground of newly-discovered evidence. Folding Bed Co. v. Railroad, 148 Mo. 478; Howland v. Reeves, 25 Mo. App. 458. (3) The court erred in this because the court refused to permit defendant's counsel to state the evidence to the jury and in the presence of the jury commented on and misstated the evidence of Dr. Wilson in regard to respondent's injuries. State ex rel. v. Mfg. Co., 149 Mo. 181; Schmidt v. Railroad, 149 Mo. 269; Wright v. Richmond, 21 Mo.

App. 81; Cronkhite v. Dickerson, 51 Mich. 177; Wheeler v. Wallace, 53 Mich. 355; Andreas v. Ketcham, 77 Ill. 377; Perkins v. Kinsely, 204 Ill. 275; Padgitt v. Moll, 159 Mo. 157; Neil v. Abel, 24 Wend. 185; Mitchell v. Carter, 14 Hun 448; Stroker v. St. Joseph, 117 Mo. App. 350. (4) The court erred in refusing defendant's instruction numbered 5 and giving it as modified. Jackson v. Kansas City, 106 Mo. App. 52; Wheat v. St. Louis, 179 Mo. 572.

*Laughlin & Kenworthy* and *Walsh & Morrison,* for respondent, filed argument.

BROADDUS, P. J.—This is an action for damages for personal injury alleged to be the result of the negligence of the city in failing to keep its street in a reasonably safe condition. The respective parties do not differ materially in their statements of the main facts of the case. The plaintiff, a young woman twenty-two years of age and weighing about one hundred and forty pounds, was injured at the southwest corner of Sixteenth and Wyoming streets in Kansas City, Missouri, by slipping on a loose brick at the edge of a hole in the street, the brick turning under her weight as she stepped upon it in alighting from the car or as she started to walk just afterwards. The defect was shown to have existed for several weeks prior. It is agreed that she sustained injuries to her ankle and one of the hips, but there is a dispute as to the extent of these injuries. After receiving treatment by a medical student at a place nearby, she was sent in a carriage to her home. She was confined to her bed for ten days and afterwards for the period of five weeks was compelled to use crutches in moving about.

Plaintiff's testimony tended to show that by reason of her injuries she lost her position as employee in a cigar store. After she became able to go about she was employed by a telephone company for a short time

and then she worked as a telephone operator for the
McPike Drug Co. from November, 1904, until the next
April; that she was compelled to give up both posi-
tions because wearing the headpiece required in the
work gave her nervous headaches; that her ankle was
severely sprained, causing a separation of the bones
of the ankle joint, and that her hip joint was bruised;
that ever since she received her injuries there has been
constant swelling of the ankle joint and that acute at-
tacks of pain would suddenly occur which had the effect
to cause the ankle to give way; that she had fallen many
times while on the streets because of its weakened con-
dition; that since April, 1905, up to the time of the
trial she had been unable to find employment on account
of her disability; and that she was nervous and unable
to sleep well. The defendant undertook to show that
the plaintiff's injuries were the result of her own neg-
ligence, and that they were not serious and permanent.
But, as the evidence was conflicting in those respects,
it is not necessary to state it in this opinion, as the
question was one solely for the jury. The jury returned
a verdict for seven thousand five hundred dollars. The
plaintiff voluntarily remitted three thousand dollars
of the verdict, whereupon the court entered up a judg-
ment for four thousand five hundred dollars, from which
defendant appealed.

Defendant complains of the action of the court in
refusing to give its instruction numbered five as re-
quested and modifying it. The instruction as asked
reads as follows: "The jury are instructed that, while
it was the duty of defendant to keep its streets in a
reasonably safe condition for persons traveling thereon,
in the exercise of ordinary care; it was also the duty
of plaintiff to use her eyes and senses to discover any
defects in the street, that might have been apparent,
and to use ordinary care to avoid the same; and if
they believe from the evidence that plaintiff failed to

use her eyes and senses to discover any defect; and believe the defect was apparent and she failed to use ordinary care and that by the exercise of ordinary care she might have avoided the same, they will find for the defendant." As modified, it reads as follows. "The jury are instructed that, while it was the duty of defendant to keep its streets in a reasonably safe condition for persons traveling thereon, in the exercise of ordinary care; it was also the duty of plaintiff to exercise ordinary care in the use of her eyes and senses to discover any defects in the street, that might have been apparent, and to use ordinary care to avoid injury; and if they believe from the evidence that plaintiff failed to use such care to discover any defect, and if they further believe that the defect, if any, was apparent, and that plaintiff failed to use ordinary care, and that by the exercise of ordinary care she ought to have avoided her injury, if any, your verdict will be for defendant." The modification complained of changes the phraseology of the language in the instruction, to-wit; "And if they believe from the evidence that plaintiff failed to use her eyes and senses to discover any defect," and substitutes the words; "And if they believe from the evidence that plaintiff failed to use such care to discover any defect." In Jackson v. Kansas City, 106 Mo. App. 52, we held that the modification of the defendant's instruction by striking out the words, "to use their eyes and other senses," was error as it tended to weaken the force of the instruction which embodied good law as asked. But the case at bar is somewhat different as the jury was told in the former part of the instruction that it was the duty of plaintiff to exercise ordinary care in the use of her senses to discover any defect in the street, and the modification, that if plaintiff failed to use such care to discover any defect, had direct reference to her duty to use her eyes and senses. The modification did not

change materially the sense and strength of the instruction.

While Mr. Hayward, counsel for defendant, was addressing the jury he said: "Gentlemen of the jury, this is nothing but a sprained ankle; when you have a sprained ankle received by a fall in your front door-yard, or on your stairway, you have no such terrible consequences as these, and it is strange that they should be so magnified where there is the same injury on a public street." Mr. Walsh, counsel for plaintiff, said: "That is objected to because it is not covered by the evidence." The court said: "The objection sustained; there was no evidence of that kind. The remark must be withdrawn from the jury." Mr. Hayward then said: "Dr. Wilson said that if an injury of this kind had been properly dressed and treated, there might be a' recovery." Mr. Walsh: "I object to that; there was no evidence of the kind." The court: "Objection sustained; I don't think that was the testimony of Dr. Wilson. The jury will remember the testimony." The defendant's counsel objected to the action and ruling of the court, which objection was overruled and defendant excepted. The defendant's counsel disclaimed any intention to misrepresent the facts.

An examination of Dr. Wilson's evidence as to whether plaintiff would recover from her injuries, as shown by the abstract, is as follows: "Q. But there is no reason to doubt but what there will be ultimate recovery? A. Well, that is an open question. Q. In all probability? A. It is owing to how it was treated in the first place whether it ever recovers or not; that is from my point of view as a surgeon; if you tell me how it was first treated. Q. If the treatment was proper in the first instance, there is no reason to doubt the ultimate recovery? A. That might be." The counsel was stating the evidence of Dr. Wilson with remarkable accuracy when the objection was made by the plaintiff's

counsel, and when the court sustained the objection and said, "I don't think that was the testimony of Dr. Wilson. The jury will remember the testimony."

The judge committed a very serious error in our opinion when in the presence of the jury he said, "I don't think that was the testimony of Dr. Wilson." The fact that defendant's counsel was stating the evidence of Dr. Wilson correctly, the action of the court practically deprived defendant of the benefit of that evidence, unless the jury undertook to decide the question for themselves without reference to the remarks of the judge. But we all know that they did not in all probability so consider the matter, but took the words of the judge as a decision of the question and rejected the statement of defendant's counsel and the evidence altogether. Under the practice in this State, it is the duty of the judge to instruct the jury as to the law, and the jury under such instructions are to be the sole judges of the facts and the application of the law, as given, to the facts as found. The judge has no power to instruct them what are, or are not, the facts in the case, and, if he does so, he infringes upon the province of the jury. The remarks of LEWIS, P. J., in Wright v. Richmond, 21 Mo. App. 76, are appropriate to the facts of this case. He said: "Every one at all familiar with court proceedings knows how easily the average juror takes impressions of the merits of a cause from any manifestation of the judge's opinion of them. It is the first duty of every trial judge, in the presence of the jury, to preserve a strict neutrality, and carefully to abstain from intimating, except through the legitimate channel of instructions, his opinion as to which way the verdict ought to go. Any other course must deprive the suitor of the most valued privileges pertaining to the right of trial by jury.

Our courts are inclined to be very strict in reference to any matter calculated to influence a jury by means

other than their recollection of the evidence. It was held, in a case where the jury had been considering their verdict for more than a day, that it was error to permit them to be brought into court and have the stenographer's notes of the evidence read to them." [Padgitt v. Moll, 159 Mo. 143.] The court said: "It is not a question of the degree of prejudice in the particular case, which might be a difficult question to decide, but it is of the establishing a rule of practice under which a juror may be unduly influenced against his own judgment and contrary to his memory of the evidence." We have so far only alluded to one instance in which the court undertook to say what was, or was not, the evidence in the case, but what we have said applies with equal force to all that the court said in that connection. When there is a dispute between counsel on the respective sides of a case as to how the evidence was as to any particular fact, it is not the business of the court to decide the matter, but to leave it for the jury to determine. We do not, however, wish to be understood as holding that when counsel go outside of the record and make statements that are untrue, it is not the duty of the judge to interfere and correct the mistake and require counsel to confine themselves to the truth.

Plaintiff's counsel seeks to evade the error by reference to the entire testimony of Dr. Wilson, which it is claimed shows that it was the opinion of the witness that plaintiff's injuries were permanent and that the verdict was for the right party. The verdict may be for the right party, but more than that is involved in the question. The evidence, which the court practically excluded, did not go to the question of plaintiff's right to recover, but to the amount of such recovery. And the evidence of Dr. Wilson considered as a whole may have gone to show that plaintiff's injuries were permanent, and that the action of the court in the par-

ticular referred to worked no prejudice to the defendant, still the error is important because its tendency is to establish a vicious practice and should for that reason be condemned.   [Padgitt v. Moll, supra.]

As the cause is to be retried, it is not necessary to pass upon the questions as to whether the verdict was excessive and that the court committed error in overruling. defendant's motion for a new trial on the grounds of newly-discovered evidence.

Reversed and remanded.   All concur.