EMMA N. ROSE, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, January 24, 1910.

1. **NEGLIGENCE: Woman's High-heeled Shoes: Instructions.** It is not contributory negligence, as a matter of law, for a woman to wear high-heeled shoes, known as "French heels," when stepping from a street car onto the street; and the court properly submitted such question to the jury.

2. **TRAVEL UPON STREETS: Instructions.** It is not error to use the word "travel" in an instruction referring to the act of alighting from a street car onto the street. In stepping from a car onto the street one begins his travel on the street.

Appeal from Jackson Circuit Court.—*Hon. Thos. J. Seehorn,* Judge.

AFFIRMED.

*Jno. T. Harding, Ben R. Estill* and *Hunt C. Moore* for appellant.

(1) The demurrer to the evidence should have been sustained at the close of plaintiff's case, and at the close of the whole case. (2) It is reasonable that if plaintiff had on high heel shoes at the time she stepped on the brick, of which there was evidence, that it was more difficult for her to adjust her foot and balance herself so as to prevent the fall than it would have been had she had on a common-sense shoe. This was one of the theories on which the case was tried, and defendant had a right, in view of the issues, to have such a theory sharply and clearly presented to the jury and have a finding thereon. Kraft v. McBoyd, 32 Mo. App. 399; Cahn v. Reid, 18 Mo. App. 115; Wren v. Railroad, 125 Mo. App. 607; Van Horn v. Transit Co., 198 Mo. 494

*L. A. Laughlin* and *Frank P. Walsh* for respondent.

(1) Defendant makes the point that the plaintiff according to her own testimony was guilty of contributory negligence. Plaintiff's testimony on the point shows she was acting as any person ordinarily would: Defendant says in its brief, "while it is the duty of the city to keep its streets reasonably safe for travel for those who walk along and over them, yet it is not required to keep every part thereof in such condition." The authorities in this State are to the contrary. This court and the Supreme Court have held that a city must keep all parts of its streets open for travel in a reasonably safe condition. Fockler v. Kansas City, 94 Mo. App. 464; Walker v. City of Kansas, 99 Mo. 647; Kossman v. St. Louis, 153 Mo. 293; Powers v. Insurance Co., 91 Mo. App. 55; Coffey v. Carthage, 200 Mo. 627. (2) The claim that keeping a street in a reasonably safe condition for travel over it is in some way different from keeping it in a reasonably safe condition for persons alighting in the street from street cars or vehicles is purely fanciful. No such distinction has ever been made by any court, and it is difficult to see any reason for making it. One is just as much a legitimate and necessary use of the street as the other. Singling out certain facts and telling the jury that if they were true, they should find for the defendant, when there were other facts in the case bearing on the same subject, is a commentary on the evidence, giving particular facts undue importance and invades the province of the jury and has been frequently condemned. Fine v. Public Schools, 39 Mo. 67; Cheppell v. Allen, 38 Mo. 213; Barr v. Kansas City, 105 Mo. 559; Benjamin v. Railroad, 50 Mo. App. 612.

ELLISON, J.—This action is for personal injury alleged to have been received by plaintiff while alighting from a street car, by stepping on a loose brick

in a disordered part of one of defendant's streets, whereby she sprained her ankle and fell and injured her hip. She prevailed in the trial court.

The case was in this court at another time and will be found reported in 125 Mo. App. 231, to which we refer for information. On the former trial she recovered a verdict for $7,500. Of this, $3,000 was remitted and judgment entered for $4,500. That judgment was reversed, as will be seen by the report just referred to. On the last trial, from the result of which this appeal is taken, the verdict and judgment was for $2,500.

Defendant contends that a demurrer to the evidence should have been sustained on the ground that plaintiff was careless in stepping from the car into the hole in the street and that she was wearing very high and narrow heeled shoes, known as "French heels." An examination of the evidence has satisfied us that the demurrer was properly refused. The heels were described as being very high and only about one inch wide at the bottom. We do not feel justified in declaring that wearing such character of shoes was negligence as a matter of law. We think the circuit court took the proper view in submitting it to the jury to say whether, under the circumstances disclosed, it was negligence in fact.

Defendant asked two instructions having for their purpose the submission of such question. They were properly refused since, in our opinion, the first one was too broad and the second, while not so objectionable, had its place well enough filled by one given by the court of its own motion. In the latter, the court left it to the jury to say whether shoes with such heels were not reasonably safe to be worn on reasonably safe streets. Considering that the jury had the benefit of this instruction there is no good ground for saying error was committed in the refusal of those offered by defendant.

In the instruction for plaintiff the expression is

Rose v. Kansas City.

used, whether the street was reasonably safe for *travel,* when plaintiff, as was stated at the outset, was injured by stepping onto the street off of a car. Defendant seems to consider that the word "travel" might be taken to mean striding along the street instead of the fact of stepping onto it. We think we ought not to adopt defendant's view. When does one begin to travel upon a street? We think he begins when he takes his first step.. In stepping off of a street car onto the street, the first step of travel is taken, and a liability may accrue for an injury received in that step as well as any subsequent one. Of course circumstances should govern the care one should exercise in different parts of their course of travel and it may well be that one should be more careful in stepping from a car than when engaged ordinarily in going along or across a street. But the jury's attention was properly called to the situation in which plaintiff was, and the act she was performing in getting upon the street, and we see no cause to interfere.

The damages cannot be said to be excessive. They were, in the first trial where as already stated they were reduced by $3,000 leaving a judgment for $4,500. But now a more conservative jury has placed them at $2,500, and with that sum we are content. The judgment is affirmed. All concur.