STATE of Missouri, Respondent,

v.

John W. VAN HORN, Appellant.

No. 44901.

Supreme Court of Missouri.

Division No. 2.

March 12, 1956.

Motion for Rehearing or to Transfer to Court en Banc Denied April 9, 1956.

Charles M. Shaw, and Wayne C. Smith, Jr., Clayton, for appellant.

John M. Dalton, Atty. Gen., David Donnelly, Sp. Asst. Atty. Gen., for respondent.

BOHLING, Commissioner.

John W. Van Horn appeals from a judgment imposing a sentence of five years imprisonment for robbery in the first degree. He claims error was committed in the refusal of an instruction and that certain remarks of the court constituted prejudicial comment on the evidence.

The sufficiency of the evidence is not questioned. It established that about 3:30 a. m. January 24, 1954, defendant and Wayne Whitt drove into the Arro-Gas service station on old Highway 99 in St. Louis county, Missouri, in Whitt's 1952 Studebaker coupe automobile, and that Van Horn entered the station and held up the lone attendant, Maurice J. McBride, with a loaded 45 caliber automatic pistol. The station was "brilliantly lit up." At gun's point McBride handed over what currency and change he had on his person and Van Horn, after having McBride open the money drawer, "scooped up" the money in the drawer. He then forced McBride into the washroom. When McBride heard the automobile pull away, he came out. The receiver had been yanked from the telephone. He ran to a public phone, called the sheriff and gave him a description of the automobile, including its license number, and of defendant. Officers Schantz and Varvel were on patrol in the vicinity when they received the report over the patrol car radio. In a short time they observed an automobile answering the description received over the radio, and, following it, noted its license number was that given over the radio. They stopped the automobile and arrested defendant and Whitt, who was driving. They took defendant and Whitt to the station where McBride readily identified defendant as the person who had robbed him a few minutes before. Whitt's automobile was searched. An automatic pistol was found under the front seat and money was found in the glove compartment and more money in Van Horn's pockets. Additional facts will be stated in the course of the opinion.

Defendant contends his instruction "A" was a proper converse instruction to the State's main instruction and should have been given. We have said, after discussing the issue: "We therefore rule that in all criminal cases, if a defendant offers a correct instruction as the converse of the State's main instruction, it should be given, unless fully and fairly covered by other instructions. We rule that the practice of concluding the State's main instruction with the following words, '* * * and unless you so find you will acquit,' or words of like import, is not a sufficient reason for refusing a correct converse instruction offered by the defendant." State v. Fraley, 342 Mo. 442, 116 S.W.2d 17, 20 [2, 4]; State v. Quinn, 344 Mo. 1072, 130 S.W.2d 511, 513 [3]; State v. Talbert, 351 Mo. 791, 174 S.W.2d 144, 145 [3]. The State's instant instruction carried an "if you do not find the facts to be as aforesaid beyond a reasonable doubt" conclusion.

It is the duty of the defendant to formulate and request a correct converse submission of the State's principal instruction. State v. Fraley, supra; State v. Hicks, 353 Mo. 950, 185 S.W.2d 650, 653 [7, 8], citing cases. The court is not required to give a misleading, or confusing, or argumentative converse instruction, or one that improperly comments on the evidence. State v. Walker, 357 Mo. 394, 208 S.W.2d 233, 238 [7, 8]. Consult also State v. Boyd, 354 Mo. 1172, 193 S.W.2d 596, 597 [1]; State v. Bradley, 361 Mo. 267, 234 S.W.2d 556, 562 [20].

Defendant's refused instruction was as follows:

"The Court instructs the jury that if you do not find and believe from the evidence beyond a reasonable doubt that on the 24th day of January, 1954, the defendant, John Van Horn, either acting alone or with another, did in and upon one Maurice J. McBride feloniously make an assault by means and use of a deadly weapon, to-wit, a pistol, and then and there did wilfully and feloniously put the said Maurice J. McBride in fear of an immediate injury to his person and by force and violence take from the person or possession of Maurice J. McBride the sum of $75.00 in currency of the United States, or any sum of money of whatsoever value, and a five dollar roll of dimes wrapped in white paper, and two rolls of quarters and three rolls of nickels, then you are instructed that it is your duty to acquit the defendant and you will find him not guilty of robbery in the first degree by use of a deadly weapon."

■ The refused instruction did not correctly state the law. So far as material to the issue, a robbery, although a single offense, may be committed in either one or both of two ways; i. e., by the felonious taking of personal property "by violence" to the victim's person, "or by putting him or her in fear of some immediate injury to his or her person". § 560.120 RSMo 1949, V.A.M.S. Force and intimidation are alternative requirements. Both may but need not be present. State v. Broderick, 59 Mo. 318, 321; State v. Farmer, Mo., 130 S.W.2d 572, 574; State v. Burns, Mo., 280 S.W.2d 119, 122 [3]; 77 C.J.S., Robbery, § 10, note 91 et seq., p. 455. The State's main instruction correctly authorized a conviction upon finding in this respect that defendant "put the said Maurice J. McBride in fear of an immediate injury to his person, and by said fear of an immediate injury to his person as aforesaid, or by force and violence to his person" committed the robbery. (Emphasis ours.) Defendant's refused instruction told the jury to acquit if defendant did not put McBride "in fear of an immediate injury to his person and by force and violence" rob him (emphasis ours), erroneously requiring a finding of both alternatives to convict.

McBride testified there was $100 on hand when he went to work, consisting of bills and coins, including two $10 rolls of quarters and a $5 roll of dimes, wrapped in white paper; that he put $20 in bills in his shirt and placed some loose change in his money changer, leaving the other money in the cash drawer; that he made some sales and cashed a $17 check in connection with his sales. The check was not taken in the robbery but the other money was taken. There was other testimony warranting an inference that there were also three $2 rolls of nickels on hand, but we do not find that McBride so testified.

■ The amount of the value of the property taken in a robbery is immaterial as long as it has some value. State v. Gabriel, 342 Mo. 519, 116 S.W.2d 75, 77 [3–6]; State v. Biven, Mo., 151 S.W.2d 1114, 1117 [4, 5]. In this respect the State's main instruction required a finding that defendant took from McBride "* * * $109.87 United States currency, of the value of $109.87 lawful money of the United States, or any sum of money of whatsoever value * * *." The State was only required to prove the taking of some money of some value (as submitted by the State) for a conviction; whereas the defendant was required to negative the taking of any currency (money) of any value for an acquittal. The refused instruction was erroneous in that it directed an acquittal, so far as essential to ruling this issue, if defendant did not take currency of some value "and" a $5 roll of dimes, "and" two rolls of quarters, "and" three rolls of nickels; whereas defendant was guilty of robbery if, for instance, he took a roll of dimes, or a roll of quarters, or a roll of nickels in the robbery. (Emphasis supplied.)

Defendant contends the court committed reversible error by commenting on the evidence during the argument of his counsel. The following occurred:

"Mr. Shaw: * * * Think a minute about this right front fender. The car that was the holdup and get-away car was supposed to have had, and apparently did according to Mr. McBride, a right front fender busted up or out of whack or wrecked. Now, remember this carefully: Schantz said that the only thing he saw on that car, Schantz said that they stopped this car and the front end was smashed. At no time did anybody say anything about this Studebaker that he was arrested in having a smashed right front fender. Now, let me say this——"

An objection was interposed on the ground counsel's statement was a misquotation of the evidence, and the judge stated he thought so. Defendant's counsel answered: "That is not a misquotation of the evidence. They said something about the front of the automobile being busted but they said nothing about the Studebaker having a smashed right front fender * *." The judge stated his recollection was that when the Studebaker was returned to the service station, McBride said "that the car

had a busted right front fender." Defendant's counsel thereupon asked for a mistrial because he thought the court's statement was wrong, prejudicial and a comment on the evidence. The court replied: "Not if that is a fact, Mr. Shaw, and I will take a chance on that."

Counsel's argument concedes that McBride testified the Studebaker had a right front fender "busted up or out of whack or wrecked." McBride testified to that effect, and he telephoned a description of the Studebaker and the number of its license plate to the sheriff. In a short time Officer Schantz recognized the Studebaker on the highway from the description radioed to the officers and when close enough checked the number of its license plate with the number received over the radio. The arrest was made and he described the Studebaker, in part, as "damaged on the right front end." The officers took the Studebaker, defendant and Whitt back to the service station. McBride testified they arrived within about thirty minutes of the robbery; that he recognized the Studebaker and its "dented fender" immediately, before the men got out, and, later, the license number; and that when the men got out of the automobiles he immediately informed the officers that defendant was the robber without their asking him to identify the robber.

Defendant's complaint concerning this colloquy arose out of his counsel questioning the court's ruling on the fact, and he argues that Officer Schantz was the only witness who could have stated anything about the automobile in which defendant was arrested. The argument ignores McBride's testimony that upon the return of the automobile to the service station he immediately recognized it and the condition of its right front fender and, later, its license plate. Other testimony established it was the automobile in which defendant was arrested. McBride's identification of the Studebaker and Officer Schantz' statement about the right front end being damaged are in harmony. Counsel's statement in argument was a misquotation of the affirmative evidence on the fact.

In defendant's case of Rose v. Kansas City, 125 Mo.App. 231, 235, 102 S.W. 578, 580, counsel in argument was correctly stating the witness' testimony and the judge's statement: "'I don't think that was the testimony of Dr. Wilson'" was held error. But, concluding the discussion, the court said: "We do not, however, wish to be understood as holding that, when counsel go outside of the record and make statements that are untrue, it is not the duty of the judge to interfere and correct the mistake, and require counsel to confine themselves to the truth." In defendant's other case (State v. Hyde, 234 Mo. 200, 255(VI), 136 S.W. 316, 333 [27–29]), the court's remarks commented on the credibility of certain witnesses, which is not the instant issue.

As stated in State v. Florian, 355 Mo. 1169, 200 S.W.2d 64, 68 [9, 10]: "Certainly, courts should be careful to refrain from unduly restricting the argument of counsel, but orderly procedure requires that they have power to reasonably confine such argument to the issues raised by the pleadings and evidence." Consult Chervek v. St. Louis Pub. Serv. Co., Mo.App., 173 S.W.2d 599, 605 [18].

McBride's identification of defendant as the robber was positive. Identification of the Studebaker was incidental and not determinative of defendant's guilt. It is the duty of the court to act upon objection being made to improper argument. The court's remarks were not directed to the jury. They were directed to counsel, made in explanation of the court's ruling, and brought on by counsel questioning the court's explanation. They should not be regarded as comments on the evidence in the sense that term is employed in defining the province of the court and jury. The court was vested with a reasonable discretion in the situation and correctly construed the evidence. The point is disallowed. Phares v. Century El. Co., Mo. App., 131 S.W.2d 879, 884 [7, 8]; State v. Murphy, 341 Mo. 1229, 111 S.W.2d 132, 135 [5]; Moore v. St. Louis & S. F. R. Co., Mo.App., 283 S.W. 732, 735 [6]; Copeland

v. American Cent. Ins. Co., 191 Mo.App. 435, 177 S.W. 820, 823 [1, 2]; 23 C.J.S., Criminal Law, § 1440, p. 1150; 24 C.J.S., Criminal Law, § 1866, p. 759.

We find no error in matters of record proper.

The judgment is affirmed.

BARRETT, C., dissents.

STOCKARD, C., concurs.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the Court.

All concur.