**STATE of Missouri, Plaintiff-Respondent,**

v.

**Paul Keith STILTZ, Defendant-Appellant.**

**No. 12635.**

Missouri Court of Appeals,
Southern District,
Division Three.

Jan. 26, 1983.

Motion for Rehearing and to Transfer to Supreme Court Denied Feb. 14, 1983.

Application to Transfer Denied
March 29, 1983.

Scott E. Walter, Benton, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

A jury found the defendant guilty of subjecting a person less than twelve years old to sexual contact in violation of § 566.-100. As a persistent offender, he was sentenced to imprisonment for six years. The defendant does not question the sufficiency of the evidence. However, the court has reviewed the record and finds there was strong evidence of the defendant's guilt.

The defendant's sole point on appeal is that the trial court improperly restricted his counsel's closing argument. This point requires a statement of some of the testimony of the nine-year-old girl who tragically was the subject of the defendant's act. On direct examination, the victim testified the defendant touched her "between my legs, where I use the bathroom." On cross examination, she stated she did not remember if she answered a question, at the preliminary hearing, by saying, "He touched me between the legs." When questioned if she recalled when, at the preliminary hearing,

she was asked if he tried to do anything else, she answered, "No." She replied, "That's true." Defendant's counsel then asked, "He didn't do anything else, just touched you between the legs?" She replied, "Yes."

During defendant's counsel's closing argument, the following transpired:

"I say, ladies and gentlemen, he didn't touch her on the genitals. I think Tammy Matthews told you that when she was across the hall testifying in a preliminary hearing—Mr. Banta, the other attorney for Mr. Stiltz, said, 'Tammy, what did he do?' 'Touched me on the legs.' 'Did he do anything else?' 'No.'

MR. PRUETT: Your Honor, I would like to object. I don't think that's what the testimony was.

THE COURT: I don't believe that was in evidence. The jury is instructed to disregard that portion of the argument.

MR. WALTER: I object to this objection because I believe it was in the evidence, your Honor, for the record."

"Certainly, courts should be careful to refrain from unduly restricting the argument of counsel, but orderly procedure requires that they have power to reasonably confine such argument to the issues raised by the pleadings and evidence." *State v. Van Horn*, 288 S.W.2d 919, 922 (Mo.1956). See also *State v. Cage*, 452 S.W.2d 125 (Mo. 1970).

The agreement of the victim that she testified at the preliminary hearing the defendant "didn't do anything else, just touched you between the legs" in no way impeached her testimony on direct. On direct she clearly stated he touched her "between my legs, where I use the bathroom." At no time was there testimony he "'[t]ouched me *on* the legs.' 'Did he do anything else?' 'No.'" (Emphasis added). It is not permissible argument to misstate or attempt to pervert the evidence. The learned and distinguished trial judge, with judicial restraint, properly sustained the objection and instructed the jury. *State v. Cage*, supra; *State v. Van Horn*, supra;

*Rose v. Kansas City,* 125 Mo.App. 231, 102 S.W. 578 (1907). The judgment is affirmed.

GREENE, C.J., and FLANIGAN and PREWITT, JJ., concur.