STATE of Missouri,
Plaintiff–Respondent,

v.

Roy CLONINGER, Defendant–Appellant.

No. 15532.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 7, 1988.

Motion for Rehearing or to Transfer to Supreme Court Denied
Nov. 29, 1988.

Gary L. Robbins, Public Defender, Barbara J. Martin, Asst. Public Defender, Jackson, for defendant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Presiding Judge.

A jury found defendant Roy Cloninger guilty of incest, § 568.020, RSMo 1986, and he was sentenced as a prior offender to a term of three years' imprisonment. Defendant appeals. Defendant's sole point is that the trial court erred in sustaining the prosecutor's objection to a portion of de-

fense counsel's final argument. Defendant asserts that said portion "pointed out to the jury the discrepancies between [the victim's] testimony at the preliminary hearing and her testimony at the trial."

Defendant does not challenge the sufficiency of the evidence to support the conviction. The state's evidence showed that on November 28, 1985, in Stoddard County, the defendant engaged in sexual intercourse with his 18–year–old adopted daughter. The victim was the state's principal witness.

■ During defense counsel's final argument, the following occurred:

"DEFENSE COUNSEL DRURY: We know that [the victim] testified to certain things that she didn't testify to at the preliminary hearing or were different from her testimony at the preliminary hearing.

PROSECUTOR WELBORN: Your Honor, I object to this. I don't believe there's been anything established—

THE COURT: Objection sustained. Mr. Drury, there was no such evidence offered."

In support of his sole point, defendant argues:

"[The victim] was the key witness for the respondent. At the trial she testified as to the event which occurred between herself and defendant on November 28, 1985. She testified as to the approximate time of the incident as well as where it occurred in the house and the specific act which took place. During cross-examination, counsel for defendant questioned the witness regarding her testimony at the preliminary hearing and her inability to recall these details of the incident at that time.

[The victim's] testimony was crucial to the case presented by the respondent. Her inability to recall at the preliminary hearing major details of the incident such as when it occurred, where it occurred and the specific acts which took place, clearly affects the witness' credibility. Defendant should not have been denied the right to point out this fact to the jury during closing argument."

The only portion of the record which even arguably could lend support to that argument is found in the cross-examination of the victim by defense counsel and consists of the following:

"Q. And concerning the event which you claim transpired on November 28th of 1985, in what room do you claim that that took place?

A. The living room.

Q. And do you remember testifying at a preliminary hearing in this case on March 18th of 1987?

A. Yes, I do.

Q. And do you remember testifying during that preliminary hearing that you did not recall which room that that took place in?

A. I do not recall.

Q. You don't recall your testimony?

A. No, sir.

Q. Do you know what clothing Roy was wearing that night?

A. If I recall—he usually came in a long robe with a belt on it.

Q. Do you recall what he wore that night, not what he usually wore, ma'am?

A. No, sir, I don't.

Q. Do you remember how long this incident took place?

A. Probably about an hour, sir.

. . .

Q. And you recall the specific sexual act that took place that night?

A. Yes, I do.

Q. And what act took place that night?

A. He first come in and laid down, I'm under the covers, he laid down there and talked to me for a minute, he started kissing me, and he jerked the covers off and threw off his clothing, pulled mine off, and we had sex right there on the pallet.

Q. Do you recall testifying at a preliminary hearing on March 18, 1987?

A. Yes, sir.

Q. And do you recall me asking you what specific sexual acts took place?

A. Yes, sir.

Q. And do you recall your response that you did not remember?

A. No, sir.

Q. You don't recall that particular response?

A. I remember some of the things that you asked, and I said there was some doubts about it, but not all of them, I knew exactly what was going on."

The witness testified that the crime occurred in the living room. She testified she did not recall whether or not at the preliminary hearing she had testified that she did not recall in which room the crime occurred. She testified to the particulars of the crime. She then testified that she recalled testifying at the preliminary hearing, and she recalled that defense counsel asked her what specific sexual acts took place. She did not recall that she had stated, at the preliminary hearing, that she did not remember what specific sexual acts took place.

The quoted portion of the record may demonstrate that the witness did not have total recall of all of the circumstances, including insignificant ones, surrounding the crime. It may also demonstrate that she did not have total recall of all the details of her testimony at the preliminary hearing. These two facts fall short of showing a discrepancy between her trial testimony and her previous testimony. Defense counsel did not introduce any portion of the victim's testimony at the preliminary hearing.

■ Although a trial court should refrain from unduly restricting the argument of counsel, it has the power to confine argument to the issues raised by the pleadings and the evidence. *State v. Van Horn,* 288 S.W.2d 919, 922[6] (Mo.1956). "It is not permissible argument to misstate or attempt to pervert the evidence." *State v. Stiltz,* 647 S.W.2d 168, 169[2] (Mo.App. 1983).

Defendant's contention that the record demonstrated discrepancies between the victim's testimony at the preliminary hearing and her trial testimony is not supported by the record. The trial court's ruling on the prosecutor's objection was proper. See

*State v. Powell,* 357 S.W.2d 914, 918–919[6, 7] (Mo.1962).

The judgment is affirmed.

HOGAN, MAUS and PREWITT, JJ., concur.