THE STATE v. JOE VESPER, Appellant.

Division Two, December 20, 1926.

1. **INTOXICATING LIQUOR:** **Manufacture:** **Participation:** **Sufficient Evidence.** The sheriff and another witness found a still housed in a small building in operation; fifteen full cases of rub alcohol were found in the room where the still was being operated: they arrested a co-indictee coming out of the still room; appellant was not present, but was found at his home a mile away, and in his automobile were eight cases of rub alcohol of the same brand; there was evidence that appellant was seen on several occasions to drive up to the still house, leave something there, and haul something away in a box covered with canvas; he was heard to say to his co-indictee that there was no need for both of them to get "stuck;" the co-indictee pleaded guilty and was sentenced to serve a year in jail, and he told the sheriff that he was working for appellant, and that he did the work, and appellant hauled the liquor away. Held, this evidence was sufficient to establish the guilty participation of appellant in whatever crime was being committed at the still.

2. ———: **Rub Alcohol:** **Violations of Two Statutes.** If the same act constitutes a violation of two sections of a statute the person accused of said act may be prosecuted under either; and it is no defense to a prosecution under one that he also violated the other. The same act may constitute a violation of Section 4 and of Section 21 of the Act of 1923, Laws 1923, page 238. A case is made under Section 4, which denounces as a felony the reclaiming of ethyl alcohol from denatured alcohol, by showing a reclamation by any process whatever, and Section 21 forbids the manufacture, making, brewing or distilling of hootch, moonshine or corn whiskey; and where the defendant was charged with making and distilling rub alcohol, which is a denatured alcohol, and it is shown that the liquor which came from the still was intoxicating liquor, it is no defense that he was prosecuted and convicted for a violation of Section 21 instead of Section 4; and if convicted under Section 21 he cannot complain, because he might have been indicted and convicted under Section 4, which imposes a more severe penalty than does Section 21.

3. ———: **Definition:** **Rub Alcohol.** All intoxicating liquor illegally distilled for beverage purposes, even though it be ethyl alcohol reclaimed from denatured alcohol, is hootch, moonshine or corn whiskey.

4. **INSTRUCTIONS:** **General Assignment.** A motion for a new trial in which the only assignment relating to the instructions is that "the court erred in giving to the jury instructions 1 to 11 inclusive" does not comply with Section 4079, Laws 1925, page 198, and the assignment in brief that "the lower court erred in giving all of the instructions, and each of the instructions, in the trial of the cause" is not therefore properly for consideration in the appellate court.

5. **ARGUMENT TO JURY:** **Indefinite Remarks.** An assignment that the prosecuting attorney in his argument to the jury "continually made and suggested remarks about defendant which were incompetent and prejudicial to said defendant" is too vague and indefinite, and presents nothing for review.

6. ———: **Remarks Unsupported by Evidence.** The prejudicial effects of a statement made by the prosecuting attorney in his argument to the jury,

which is not supported by evidence, are cured by the action of the court in sustaining an objection. thereto, stating there is no evidence of the fact stated, directing the jury to disregard the statement, and reprimanding the prosecuting attorney for making it.

7. ARGUMENT TO JURY: Failure of Another Jury to Convict. A remark by the prosecuting attorney which has no application to the case being tried is not prejudicial. A statement by the prosecuting attorney in his argument to the jury that in another case the jury thought the defendant was guilty, but they acquitted him because "they didn't think it was proved strong enough," was in favor of defendant, if it amounted to anything one way or the other.

Corpus Juris-Cyc. References: **Criminal Law**, 16 C. J., Section 1589, p. 778, n. 93; Section 2260, p. 910, n. 68; Section 2270, p. 916, n. 48; Section 2707, p. 1180, n. 74; Section 2738½, p. 1219, n. 81; p. 1220, n. 85; 17 C. J., Section 3554, p. 208, n. 78; Section 3732, p. 362, n. 94. **Intoxicating Liquors**, 33 C. J., Section 1, p. 491, n. 4; Section 541, p. 786, n. 50; Section 543, p. 788, n. 85; Section 546, p. 790, n. 17.

Appeal from Andrew Circuit Court.—*Hon. Guy B. Park*, Judge.

AFFIRMED.

*Barney E. Reilly* and *W. B. Norris* for appellant.

(1) Section 21, Laws 1923, under which the defendant was charged and tried, does not apply in this case. Section 21 was intended to cover every kind of unlawful manufacture of whiskey, whether it be designated as hootch, moonshine, or corn whiskey, but does not cover potable alcohol manufactured from rub alcohol. The theory upon which the State attempted to gain a conviction, and did obtain a conviction, was that the co-defendant, Roberts, was at the time of the arrest attempting to manufacture from rub alcohol, an alcohol which would be potable and capable of being used as a beverage. The demurrer offered by the defendant at the close of the evidence should have, therefore, been sustained. State v. Wright, 280 S. W. 703. (a) The evidence in the record tended to show, if anything, that Roberts was attempting to reclaim ethyl alcohol that had been denatured; which act was in violation not of Section 21, but of Sections 4 and 24 of the Act of 1923. State v. Pinto, 279 S. W. 145. (b) The court told the jury in instruction number three that if the defendant manufactured hootch or moonshine, they should find him guilty, and in instruction number four the jury were told that the words hootch and moonshine as used in the instruction meant any intoxicating liquor unlawfully distilled for beverage purposes. Alcohol potable and capable of being used as a beverage distilled from other alcohol not potable or capable of being used as a beverage is not hootch or moonshine. The giving of instruction three and four was a reversible error, as there was a failure of proof between the allegation of the information and the evidence introduced by the State. State v. Vandiver, 276 S. W. 1034; State v. Gatling, 267

S. W. 797. (2) The court erred in submitting the case to the jury as there was no evidence tending to show that the defendant was connected with the action of the co-defendant, Roberts, in maintaining the still mentioned in evidence. (3) The answer by the witness that "Vesper thought only one of them ought to be stuck," "that it would be better for only one to get stuck," that "they ought to get by with only one of them being stuck," could at most be construed as a confession and before a conviction can be based upon such confession, there must be such corroboration that when considered in connection with the confession of guilt of the accused, the guilt appears beyond a reasonable doubt. State v. Gatewood, 264 S. W. 42; State v. Elmer, 267 S. W. 934; State v. Patterson, 73 Mo. 695; State v. Walker, 98 Mo. 95; State v. Knowles, 185 Mo. 141; State v. Myer, 293 Mo. 108. (4) The giving of instruction number seven in this case was error. The defendant did not take the witness stand and testify. The given instruction indirectly brought to the attention of the jury the fact that the defendant, himself, did not deny the testimony of the witness in regard to the statement that the defendant said that he thought "that only one of them ought to be stuck." By this instruction the State obtained an advantage which is prohibited by Sec. 4037, R. S. 1919.

*North T. Gentry,* Attorney-General, and *Walter E. Sloat,* of counsel, for respondent.

(1) There was no failure of proof between the allegation and the evidence. An intoxicating liquor which is re-distilled from a product which has been made under government approval, becomes thereby a liquor illicitly distilled and falls within the prohibition statute. State v. Griffith, 279 S. W. 135. Defendant had been seen going into the house in which the still was found and had been seen hauling something away on several occasions. Several cases of alcohol, the same as that found in the house, were also discovered in his car. State v. Gatlin, 267 S. W. 797; State v. Cockrum, 278 S. W. 700: State v. Bennett, 270 S. W. 295; State v. Ayers, 285 S. W. 997. (2) It is largely the province of the trial court to decide how much of a rebuke is necessary to neutralize the danger which may be done by an attorney's statement. The court reprimanded the State's attorney in every instance requested but one and the defense attorneys themselves invited that statement. State v. Sherman, 264 Mo. 374; State v. Pinson, 291 Mo. 328; State v. Hart, 292 Mo. 74; State v. Taylor, 293 Mo. 210; State v. White, 299 Mo. 599.

BLAIR, J.—Appellant was charged with making, distilling, etc., hootch, moonshine or corn whiskey in Andrew County. He was con-

victed, was sentenced to imprisonment in the penitentiary for two years, and has appealed. One John Roberts was charged jointly with appellant. A severance was taken, and the case as to Roberts was afterward dismissed.

The evidence on the part of the State was that the Sheriff of Andrew County, armed with a search warrant, went out to the Snowden farm near Savannah. He was accompanied by Henry Bruns. They found a still in operation. John Roberts was just coming out of the small building where the still was housed. They also found a large quantity of rub alcohol, which is a denatured alcohol and not potable. They also found some Epsom salts and several packages of concentrated lye. There were a number of empty cases. Fifteen full cases of rub alcohol were found in the room where the still was being operated.

Appellant was not present when the officers found the still and took Roberts in custody. They found him at his home about a mile away. In his automobile truck at this house, there were eight cases of rub alcohol of the same brand as that found at the still. There was evidence tending to show that the liquor which came from the still was intoxicating liquor.

One Douglas, who lived on the Snowden farm, testified that on several occasions he had seen appellant drive up to the house where the still was found. The still was in operation at such times. He had seen appellant back his truck up to the house where the still was and leave something there and he had also seen appellant haul something away in a box covered with canvas.

John Roberts, who was at first jointly charged with appellant, pleaded guilty and was sentenced to serve a year in jail for operating this still. He was called by appellant and testified that he alone owned the still and that appellant had no interest in it and that he only knew appellant when he saw him. He denied telling the sheriff that he was only working for appellant. The sheriff had testified that he overheard appellant say to Roberts that there was no need for them both to get "stuck." Roberts denied that either he or appellant made any such statement.

Henry Bruns testified in rebuttal that Roberts told him he was working for appellant. The sheriff also testified that Roberts told him that he was working for appellant; that he (Roberts) did the work, and that appellant hauled the liquor away. Appellant did not testify.

It is contended that the evidence was not sufficient to support the verdict and that the trial court should have given a peremptory instruction for the jury to find appellant not guilty. This contention is based upon two grounds. The first is, that there is no substantial evidence implicating appellant in the operation of the still, and the

second is that the evidence is not sufficient to sustain a conviction under Section 21, Laws of 1923, page 242, upon which the information is based, even if appellant was operating the still and reclaiming ethyl alcohol from denatured alcohol.

We think that the circumstances shown in the evidence were sufficient to make a case to go to the jury on the question of appellant's connection with and responsibility for the operation of the still. He was seen several times driving up to the little house where the still was operated while it was in operation and taking something away in a box covered with canvas. Eight cases of rub alcohol of the same brand used at the still were found in his truck. When he and Roberts were under arrest, he was heard to say to Roberts that there was no need for both of them to get "stuck." He did not testify. Roberts, who denied appellant's connection with the still, was impeached by his former statements that he was merely working for appellant. There was abundant and uncontradicted evidence that the still was being operated in violation of law. We regard the evidence as sufficient to establish the guilty participation of appellant in whatever the crime was which was being committed at the still on the Snowden farm when the sheriff made his raid.

It is the contention that the acts shown to have been committed by appellant and Roberts constituted a violation of Section 4, Laws of 1923, page 238, and not a violation of Section 21 of that act, and that appellant was charged, tried and convicted for violation of said Section 21.

Appellant could have been tried and convicted, upon the evidence in this case, under an information or indictment charging violation of Section 4. But it does not follow that the same act may not also constitute a violation of Section 21. Section 4 denounces as a felony the reclaiming of ethyl alcohol from denatured alcohol. It would seem that a case is made under said section by showing such reclamation by the person charged by any process whatever, without showing the nature and character of the product. For example, whether such product is intoxicating liquor or not, is not any part of the definition of the offense. Under Section 21 the manufacture, making, brewing or distilling of hootch, moonshine or corn whiskey is forbidden. There the nature of the product and the means used to realize such product must be shown.

The evidence here tends to show that Roberts and appellant were engaged in operating a still and were unlawfully distilling alcohol or intoxicating liquor from rub alcohol, a denatured alcohol. All intoxicating liquor illegally distilled for beverage purposes is hootch, moonshine or corn whiskey. [State v. Griffith, 279 S. W. l. c. 138; State v. Wright, 280 S. W. l. c. 706.] The information charged that kind of liquor was made and distilled by Roberts and appellant.

The proof, therefore, tends to show that Roberts and appellant not only violated Section 4, but, by the same act, violated Section 21 as well. The penalty for violating Section 21 is less severe than the penalty for violating Section 4. The appellant should not be heard to complain of his conviction for the less grave offense of the two.

Where a particular act constitutes a violation of two different sections of the statute, the person accused of such act may be prosecuted under either. It is no defense to a prosecution under one statute that the accused also violated another statute by the same act.

In State v. Hamey, 168 Mo. 167, the contention was that defendant should have been acquitted of the charge of having had carnal knowledge of an unmarried female of previous chaste character and between the ages of fourteen and eighteen years, because the evidence showed that the sexual relation was accomplished by force. In other words, it was contended that the defendant should have been acquitted of the crime charged against him because the evidence justified his conviction for a different and more serious offense. It was held that the conviction under the indictment was proper. At page 200 of the opinion and quoting approvingly from Bishop's Criminal Law (7 Ed.) vol. 1, sec. 791, it was said: " 'Subject to whatever exception may be found in the doctrine of merger, a criminal person may be holden for any crime, of whatever nature, which can be legally *carved out* of his act. He is not to elect, but the prosecuting power is. *If the evidence shows him to be guilty of a higher offense than he stands indicted for,* or of a lower, or of one differing in nature, whether under a statute or at the common-law, he cannot be heard to complain, *the question being whether it shows him to be guilty of the one charged.'* "

We think the evidence here was not only sufficient to show appellant's guilt of aiding in the operation of the still, but also that he at the same time violated Section 21 of the Act of 1923, Laws 1923, page 242. The demurrer to the evidence was properly overruled.

Appellant contends in his brief here that "the lower court erred in giving all of the instructions, and each of the instructions in the trial of the cause." The only assignment of error in the motion for new trial upon which this assignment could be based is paragraph 6 of that motion, which is "that the court erred in giving to the jury instructions 1 to 11, inclusive, over the objections of the defendant."

This case was tried after Laws of 1925, page 194, went into effect. The motion for new trial in the respect mentioned did not comply with Section 4079 of that act and the assignment is not properly here for consideration. See State v. Standifer, ante page 49.

The third assignment is that "the lower court erred in not granting a new trial because of the remarks made by the prosecuting at-

torney.'' Paragraph 19 in the motion for new trial was as follows:

''That the prosecuting attorney in his argument to the jury made insinuating and false remarks about said defendant and stated that he sold liquor in St. Joseph, Missouri, and further that the prosecuting attorney stated that he had talked to jurors on another case and discussed with them why they brought in a verdict of not guilty, and further said prosecuting attorney continually made and suggested remarks about defendant which were incompetent and prejudicial to said defendant.''

The last suggestion we regard as too vague and indefinite. We will only consider the other alleged improper remarks set out in the motion for new trial. The court sustained the objection of appellant to the statement to the effect that appellant made liquor in Andrew County to sell in St. Joseph. The court stated that there was no evidence of that fact and told the jury to disregard the remark and reprimanded the prosecuting attorney for making it. The trial judge properly refused to discharge the jury. We think the sustaining of the objection and the reprimand given the prosecuting attorney sufficiently cured the alleged error.

The other remark, complained of in the motion for new trial, was:

''A jury once tried a case here and brought in a verdict of not guilty. I talked to some of the members of that jury as to why they brought in such a verdict. One of them said they were confident that the defendant was guilty, but that they didn't think it was proved strong enough.''

Appellant's objection to this was overruled. Considered merely as a precedent, it was in favor of appellant, because all the statement, which was permitted to be made, was that a jury had once failed to convict a defendant when it really thought he was guilty. The remark amounted to nothing one way or the other, because no application of the incident to the case on trial was made. At least the court did not commit reversible error in overruling the objection.

The final assignment of error is that ''the lower court erred in refusing to grant a new trial because the verdict was against the evidence.'' We have already held that there was sufficient substantial evidence to authorize submission of the case to the jury. If we were correct in that ruling, it disposes of the present assignment. The trial judge approved the verdict and we think it was sufficiently supported by the evidence.

Having examined all the assignments of error properly for consideration, we find them to be without substantial merit. The judgment is affirmed. All concur.