STATE OF MISSOURI, Respondent, v. LOUIS THORPE, Appellant, No. 41529—223 S. W. (2d) 479.

Division One, October 10, 1949.

*Emanuel Williams* for appellant.

*J. E. Taylor,* Attorney General, and *David Donnelly,* Assistant Attorney General, for respondent.

CLARK, P. J.—In August, 1947, an information was filed in the circuit court of the City of St. Louis charging defendant and another with robbery in the first degree. Defendant prayed for and was granted a severance. Upon a trial the jury was unable to reach a verdict. In January, 1948, by leave of court an amended information was filed charging defendant with robbery in the first degree with prior convictions of felonies. A trial was had. The jury returned a verdict of guilty and assessed defendant's punishment at imprisonment in the State penitentiary for a term of fifteen years. After judgment and sentence defendant appealed.

Evidence introduced on the part of the State tended to prove the following facts. On the morning of June 2, 1947, between ten and eleven o'clock, Thomas Stover went into a tavern to use the telephone. Defendant followed him from the front door to the telephone booth in the rear of the tavern and then followed him out the front door. Stover visited several business places and paid debts. He returned to the tavern about four o'clock in the afternoon and saw defendant there. Stover left and went across the street to purchase cigarettes. He then attempted to board a streetcar, but was prevented by defendant who pushed him away and demanded money to buy a drink. Stover gave defendant fifty cents and walked away. Defendant passed him, went into an alley and came out with something in his hand "about the size of half a brick." Defendant struck Stover with some object and beat him until he was unconscious. A short time later the police took Stover to a hospital, still unconscious and

bleeding from a wound in his head. His skull had been fractured. When he regained consciousness he gave a description of his assailant and said he was wearing a flowered sport shirt. Defendant was arrested and taken to the hospital where Stover identified him as the man who struck him, but said he had on a different kind of shirt. The police took defendant to his home where he gave them a flowered sport shirt which Stover later identified as the kind of shirt defendant was wearing at the time of the assault. At the trial Stover again identified defendant as his assailant. When Stover was taken to the hospital he had only twenty-four cents and some keys in his pockets. He testified that when he went to the telephone in the tavern on the morning of June 2, 1947, he had about $109.00 in his pocket and that, after paying bills, he had left about $44.00 when assaulted.

The State offered evidence of three previous convictions of defendant, for second degree murder, larceny and robbery.

Defendant offered no evidence in the trial court and has filed no brief in this court. His motion for new trial contains eight assignments of claimed error.

Assignments 1, 2, and 6 relate to the sufficiency of the evidence. We hold that there was substantial evidence to sustain the verdict and its credibility was for the jury. [State v. Allen, 342 Mo. 1043, 119 S. W. (2d) 304, l. c. 307.]

There is no merit in Assignment 3 "that the court erred in overruling the defendant's objection to testimony by the police officer as to what the prosecuting witness said in the presence of the defendant as to his identity." The assignment is too general to present anything for review. More than one police officer testified to being present when Stover identified defendant. The assignment does not point out which officer nor what testimony is meant. Even if it did the assignment would be without merit. [State v. Thomas, (Mo.) 82 S. W. (2d) 885.]

The court did not err in admitting the shirt in evidence. [Assignment 4.] [State v. Evans, 334 Mo. 914, 68 S. W. (2d) 705.]

The court did not err in refusing to declare a mistrial because of references made by the prosecuting attorney in his closing argument to the previous convictions of defendant. [Assignments 5 and 8.] It was within his province to refer to the evidence of previous convictions, not to establish the guilt of defendant of the charge on trial, but to affect the punishment to be assessed. At any rate the jury did not convict defendant under the Habitual Criminal Act, which would have required the assessment of the maximum penalty. [Sections 4453 and 4854, R. S. Mo. 1939, Mo. R. S. A.]

800

Defendant did not offer or request an instruction on common assault. [Assignment 7.] Even so, there was no evidence upon which to base such an instruction.

Defendant's counsel vigorously contested the case throughout. An examination of the transcript shows that defendant was given a fair trial and no prejudicial error is shown.

The judgment is *affirmed*. All concur.