**STATE of Missouri, Respondent,**

v.

**James E. THOMPSON, Appellant.**

No. 45506.

Supreme Court of Missouri,

Division No. 2.

Feb. 11, 1957.

Motion for Rehearing and to Transfer to Court en Banc Denied March 11, 1957.

470

No attorney for appellant.

John M. Dalton, Atty. Gen., George E. Schaaf, Asst. Atty. Gen., for respondent.

EAGER, Presiding Judge.

Defendant was charged by amended information with first degree robbery by means of a dangerous and deadly weapon, and also with three prior convictions. By agreement the case was tried as one for first degree robbery only, thus eliminating any request for the death penalty. Defendant was found guilty of first degree robbery, not guilty of the prior convictions, and sentenced to 15 years' confinement. He has filed no brief here, so we have examined the transcript for any error which has been duly assigned in his motion for new trial, as well as the formal parts of the record. On a prior appeal, shown at 280 S.W.2d 838, a prior judgment and sentence of 20 years for the same offense was reversed and the case remanded by this court because of errors in the exclusion of evidence.

The evidence at the second trial, in so far as it concerned the facts of the robbery and the circumstances of defendant's arrest, was substantially identical with the facts stated in the previous opinion. Such additions or variations as may be material will be noted in the course of this opinion. The defense, submitted by the testimony of defendant's wife and another, was that of an alibi; more specifically these witnesses testified that defendant and his wife Norma were in the Benton Bar on the evening in question from about 7:30 or 8:00 P.M. until 11:55 P.M., which, if true would have precluded defendant's presence at the scene of the present robbery (of the Gasen Drug Store) at approximately 11:00 P.M. Defendant testified similarly, but limited his presence at this bar to a shorter period, still including, however, the time of this robbery. At the present trial there was ample evidence to support the identification of the defendant as one of the armed robbers, one of whom carried an automatic pistol and the other a large revolver. There was evidence that on leaving the store the two ran to a 1949 black Ford waiting 20 feet or more from the entrance; also, that a woman who had been waiting in the car kept "ducking down in it," and that all drove away very promptly in that car.

■ Several assignments of the motion for new trial are insufficient under our Rule 27.20, 42 V.A.M.S. and Section 547.030, RSMo 1949, V.A.M.S. (to which all statutory citations herein will refer). These are: (a) that the verdict is against the weight of the credible evidence; (b) that the court erred in permitting "police officers" (six of whom testified) to testify to hearsay; and (c) that the circuit attorney was permitted to make improper and prejudicial remarks concerning another and different crime. On the insufficiency of these assignments, see: as to (a) State v. Burks, Mo., 257 S.W.2d 919, 920; State v. Kennon, Mo., 123 S.W.2d 46; State v. Miller, Mo., 202 S.W.2d 887; State v. McHarness, Mo., 255 S.W.2d 826, 830; as to (b) State v. Thorpe, 359 Mo. 796, 223 S.W.2d 479; State v. Ross, Mo., 300 S.W. 785; State v. Nienaber, 347 Mo. 615, 148 S.W.2d 1024; as to (c) State v. Spencer, 355 Mo. 65, 195 S.W.2d 99; State v. Janes, 318 Mo. 525, 1 S.W.2d 137; State v. Vesper, 316 Mo. 115, 289 S.W. 862.

■ It is contended that the court erred in overruling defendant's motion to dismiss filed in advance of the trial. This motion is somewhat confusing, but, as best we can understand it, its substance was: that the same three prior convictions charged in the present information had been used previously against defendant at other trials, that he had been acquitted thereon, and that the use of these prior convictions here constituted double jeopardy; also, that § 556.280 (the "Habitual Criminal" statute) is unconstitutional as in violation of due process and as creating or inflicting double jeopardy by permitting repeated prosecutions for the same

crime. A complete answer to the first contention is that no evidence was offered in support of the motion and that its allegations are not self-proving. The only record before this court is the prior conviction of defendant in this same case; that judgment and sentence were reversed and the cause remanded. The judgment does not remain, therefore, as an adjudication of anything; and, in fact, as shown at 280 S.W.2d loc. cit. 839, the jury there made no findings at all on the question of prior convictions. We do not hold, and need not hold that the use of the same prior convictions at two or more successive trials would constitute double jeopardy or violate due process. The charge of prior convictions under § 556.280 is not made as an independent charge of the commission of those offenses, but merely as affecting the punishment. The legislature deemed such a consideration appropriate upon the commission of a subsequent offense. State v. Collins, 266 Mo. 93, 180 S.W. 866, 867. There seems to be a rather clear inference in that opinion that the use of a prior conviction more than once is permissible. The constitutionality of this statute has been affirmed and reaffirmed and we need not discuss that question again. State v. Hagerman, 361 Mo. 994, 238 S.W.2d 327; State v. Collins, supra. The motion was properly overruled.

■ The next assignment is that the court, before trial, concluded that defendant was guilty, and prejudicially refused to permit defendant to be tried by a "different court." Defendant had already had one "change of venue" from Division 10, which, in fact, could only have been a disqualification of the judge under Rule 30.-12; he was entitled only to one such disqualification. Moreover, he took no formal steps to disqualify the trial judge, as required by that rule. Defendant's counsel merely suggested that this was a "Division 11 case," since it had gone there on the original "change of venue." It appears that the case had been returned from Division 11 to Division 1 and there-

after reassigned; the rules of that court are not in the transcript; the trial court ruled that the case was properly before it and there is nothing here to establish error in that ruling. See also § 478.417, relating to the Eighth Judicial Circuit.

■ The complaint regarding remarks allegedly made during the voir dire examination may not be considered, because no part of that examination is contained in the transcript.

■ The next assignment complains of error in admitting the "firearms" into evidence, because they were not found or proved to have been in the possession of defendant or proved to have been connected with the crime. A very similar contention was denied in State v. Johnson, Mo., 286 S.W.2d 787, where the matter was discussed at some length. In the present case the two loaded weapons were found by police in the bottom of the meat cooler in the Tom Boy Grocery; defendant and another had just been found by police behind the meat counter in that store about 3:00 A.M. on the morning immediately after the robbery of the drugstore. The revolver was definitely identified at the trial as the weapon carried by defendant in the robbery, and the automatic as the weapon carried by defendant's companion. The peculiar circumstances surrounding the finding of these guns, their identification as aforesaid, and the definite identification of defendant as one of the robbers sufficiently connected up these exhibits and made them admissible. Certainly a reasonable inference might have been drawn, under these circumstances, that defendant and his companion had placed the guns in the meat cooler, a somewhat unusual place for the storage of loaded firearms. See also: State v. Mangercino, 325 Mo. 794, 30 S.W.2d 763; State v. Ball, 321 Mo. 1171, 14 S.W.2d 638.

■ Defendant next insists that the court erred in permitting "evidence of a crime separate and distinct from the offense upon which defendant was being tried."

Without the benefit of a brief from defendant, we can only assume that he refers to the evidence showing the circumstances of the finding of defendant and another inside a grocery store at approximately 3:00 A.M., and shortly after the robbery here charged. This complaint was ruled against defendant on the prior appeal. Without repetition we refer to that opinion, 280 S.W.2d at loc. cit. 841, 842. What was said there applies with equal effect under the present evidence. As indicated in State v. McKeever, 339 Mo. 1066, 101 S.W.2d 22, 28, this assignment is clearly insufficient under Rule 27.20.

■ Defendant assigns error in permitting Officer Crowe to testify to immaterial matters and hearsay, with reference to "arresting other persons not on trial with defendant." We assume this can only refer to the arrest of defendant's companion Lindner, or of defendant's wife. The witness referred to testified that he and other officers found a '49 black Ford parked near the Tom Boy Grocery and that defendant's wife, Norma Thompson, was in it. He did not even refer to Lindner. The testimony of this witness was not hearsay and it was not immaterial. The substance of the objection made at the trial was that there was no established connection shown between Norma and the drugstore robbery. In the light of the facts already recited the connection was sufficiently established to make this evidence admissible; it was of aid in establishing defendant's connection with the drugstore robbery and his identification. The assignment is denied.

■ Error is urged in permitting Officer Egan to testify to hearsay with regard to "the questioning of defendant's wife and other parties * * *." On direct examination the wife testified that on the evening in question she was at the Benton Bar with defendant from about 7:30 until 11:55; on cross-examination she was asked, over objection, if she had not talked with police officers; the court then limited this inquiry to matters covered by her on direct examination. She admitted talking to various officers, but on specific inquiry, said she did not remember telling them that she was at her mother's home on the evening in question and that she first saw her husband at "about a quarter to twelve." On rebuttal, Officer Egan testified (he being confined to matters covered on the wife's cross-examination) that, upon questioning defendant's wife at the police station, she stated that on the day of the robbery she had been at her mother's home from around 4:00 P.M. until after midnight, when her husband "called for her." Such was the entire substance of Egan's rebuttal testimony, except for cross-examination. The evidence referred to was admissible as impeachment. Defendant does not assign error in failing to lay a proper foundation for impeachment, but we think the foundation here sufficient; if it was not, the assignment itself is insufficient in that regard. Witnesses may, of course, be impeached in criminal trials as well as civil, and this was on a material issue, namely, defendant's alibi. See, generally: State v. Perkins, 342 Mo. 560, 116 S.W.2d 80, 84–85, and cases there cited; State v. Martin, Mo., 56 S.W.2d 137.

■ It is next urged that the trial court erred in refusing the defendant "the right to call witnesses in rebuttal of the plaintiff's rebuttal witness." After Officer Egan had testified by way of impeachment of defendant's wife, as just noted, and at the conclusion of all the evidence, counsel for defendant asked if he could "re-open"; the court offered to permit him to put on any witness then available and allowed him also to leave the courtroom to talk to a person whom he thought he might wish to use as a witness. The court declined, however, to grant additional time to bring in Norma Thompson's mother because admittedly neither counsel nor Norma Thompson had asked her to be in court. This assignment apparently refers to that incident. Much discretion must necessarily be granted to the trial court in such a matter, which, in some respects, is similar to a request for a continuance. State v. Wilson, Mo., 242 S.W. 886; State v. Perkins, 342 Mo. 560,

116 S.W.2d 80. We note further that Norma Thompson, who was the first witness for defendant, was asked on cross-examination if she had not made the controverted statement to the officers; thereafter two more witnesses testified and the noon recess intervened before Officer Egan testified in impeachment. No showing was made of any effort to procure the desired witness during that interval. There was no abuse of discretion in the court's ruling.

■ It is also urged that the court erroneously failed "to instruct the jury on any other offense than robbery in the first degree by means of a dangerous and deadly weapon," because the state failed to prove all the elements of first degree robbery, and specifically failed to show that the victim was "placed in fear," and failed to show force and violence to his person. In view of the record here, the assignment as made is somewhat confusing. We must consider the specific complaints as controlling over the general. The statute on first degree robbery requires, § 560.120, proof of "violence to his person" *or* "putting him in fear of some immediate injury"; it does not require both. State v. Van Horn, Mo., 288 S.W.2d 919, 921. By all standards of logic it is not conducive to one's sense of security and well being to be kept under the nose of an automatic pistol for 10 or 15 minutes, especially when one of the robbers has said to the victim: "Give me your money or I will shoot." Fear need not be shown expressly. State v. Kennedy, 154 Mo. 268, 55 S.W. 293, 298. Most certainly the proof was sufficient in all respects under the statute concerning first degree robbery, and it was not necessary to submit any lesser offense. Under the state's evidence the crime was complete. State v. Brletic, Mo., 283 S.W.2d 568; State v. Murray, Mo., 280 S.W.2d 809, 812.

■ The next assignment will be considered briefly, although it is exceedingly general. It is that the court erred in overruling defendant's motions for acquittal. Actually, what has already been said, including the facts recited, shows the invalidity of this assignment. Defendant was very definitely identified as one of the two robbers; either is liable, of course, for what the other did, as well as for his own actions. State v. Massey, 358 Mo. 1108, 219 S.W.2d 326; State v. Thornton, Mo., 58 S.W.2d 314, 317; State v. Bresse, 326 Mo. 885, 33 S.W.2d 919; State v. Lyle, 296 Mo. 427, 246 S.W. 883. Certainly, judged in this light, there was ample evidence to support every element required by § 560.120. State v. Johnson, Mo., 248 S.W.2d 654; State v. Johnson, Mo., 286 S.W.2d 787.

■ Defendant next urges that the verdict was the result of passion and prejudice of the jury: "engendered by unlawful remarks and statements by the circuit attorney," particularly as to the credibility of defendant and his opinion of Mrs. Kolaks, a witness, and "to defendant's wife"; also, by "false evidence and testimony procured and presented knowingly and willingly by the circuit attorney." The first part of this assignment is insufficient in form, and, moreover, we find no such statements in the record; neither the opening statements nor the arguments are set out. As to the latter part, namely, the alleged procurement of false evidence, there is absolutely nothing in the record to substantiate this. No after-trial evidence was taken. The making of such a charge without factual substantiation is highly reprehensible. We note, however, that defendant pro se signed his motion for a new trial, and he states, in a somewhat anomalous application filed here, that he prepared much of that motion himself. Under the circumstances, it would seem somewhat futile to lecture the defendant on the subject of ethics. The assignment is overruled.

■ Finally, defendant says that it was error to appoint as defendant's counsel a member of the Public Defender's "office," who stated that he accepted the case with reluctance. The record shows no such statement, nor does it show any of the circumstances, except that defendant's prior

counsel had withdrawn. We doubt that, in any event, the point would be at all material.

We have examined the amended information, the verdict, and the judgment and sentence. They are sufficient. Defendant was granted allocution. No error appears, and the judgment and sentence are hereby affirmed.

All concur.