STATE of Missouri, Respondent,

v.

Steven Armond HICKS, Appellant.

No. 35910.

Missouri Court of Appeals,
St. Louis District,
Division One.

Oct. 14, 1975.

Motion for Rehearing or Transfer
Denied Nov. 19, 1975.
Application to Transfer Denied
Jan. 12, 1976.

Charles D. Kitchin, Public Defender, James C. Jones, Marilyn K. Wallach, Asst. Public Defenders, Cornelius T. Lane, Sp. Asst. Public Defender, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Daniel J. Murphy, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Judge.

Appellant was found guilty by a jury of murder in the first degree, assault with intent to kill with malice aforethought and robbery in the first degree by means of a dangerous and deadly weapon. (Sections 559.010, 559.180 and 560.120 RSMo 1969). The jury assessed punishment of life imprisonment for the murder conviction, five years imprisonment for the robbery conviction, and two years imprisonment on the assault with intent to kill conviction. The sentences were to run concurrently. He appeals.

No challenge has been made to the sufficiency of the evidence. Briefly stated, the facts are these: On February 19, 1973, a bicycle shop in the City of St. Louis, Missouri, was robbed. The appellant was identified as the man who entered the bicycle shop and asked for a motor bike part. Upon being told that the shop did not carry motor bike parts, the appellant left the shop. Immediately after the appellant left the shop, three younger boys entered. Before the boys could be waited on, the appellant returned to the shop wearing a green windbreaker and carrying a sawed-off shotgun. The appellant then forced the shopkeeper, his daughter, his daughter's companion, and the three customers to lie on the floor. The appellant thereafter told each of the victims to give him all their money.

As the shopkeeper was lying on the floor, one of the young boys got up and started to take a bicycle from the shop. The shopkeeper stood up and shouted at the boy to stop. The appellant turned and fired two shots; one hit the shopkeeper and the other hit his daughter. The shopkeeper died as a result of the gunshot wound. The three boys ran out of the shop. The appellant fled from the shop with the money.

Appellant's first contention is that the trial court erred in failing to sustain his challenge for cause to three veniremen during the voir dire of the panel. The background concerning the challenges is as follows. During the voir dire examination the appellant's attorney asked the following question: "Let me ask you this. Is anyone of the belief that if the defendant-defense would be that he was elsewhere at the time of the commission of this crime, believe he should have any burden whatsoever in proving that?"

In response to questions by appellant's attorney as to the burden relative to the

defense of alibi, three veniremen answered that if the defense was that the appellant was "elsewhere" at the time of the commission of the crime, they thought he had the burden of proving it.

This question was inartfully worded [1] and one of the three veniremen indicated he did not understand the question. During this phase of the voir dire, another of the challenged veniremen stated that she understood that the burden was on the state to prove appellant's guilt beyond a reasonable doubt.

■ Appellant argues that the three veniremen would not be able to give appellant's testimony the weight it deserved. A juror who cannot give the testimony of a particular person the weight to which the testimony is legally entitled should be discharged for cause. *State v. Spidle,* 413 S.W.2d 509, 512 (Mo.1967).

We do not believe that it has been satisfactorily shown that these three veniremen would not have followed the instructions of the court as to the law regarding the burden of proof where alibi is used. After the three veniremen said they would place the burden on appellant to prove his alibi of being "elsewhere" at the time of the commission of the crime, the appellant's attorney asked the prospective jurors:

> "MR. LANE: . . . That's what you are telling me. If the Court would instruct you with the law which governs this case, is there anyone here that would not follow the instructions of the Court, even though different from what they think? Now, you would follow the instructions of the Court with respect to the law applicable to the case, regardless of what you feel the law might be? Now, Mrs. Sieger, would you do that?
>
> "MRS. SIEGER: Yes."

Thus in response to these questions posed by appellant's counsel, each venireman indicated his ability to follow the law as given in the instructions of the court. Likewise it was clearly brought out during the voir dire examination that the burden was on the state to prove appellant's guilt beyond a reasonable doubt.

The question asked by appellant's attorney during the voir dire concerned the application of a point of law, i. e., appellant's burden regarding his alibi. This is not the same as a juror who has already formed a belief as to a defendant's guilt. *State v. Spidle, supra,* nor is it a case where the court does not later give instructions explaining the law to be applied.[2] *State v. Rollins,* 449 S.W.2d 585 (Mo.1970), *cert. denied,* 399 U.S. 915, 90 S.Ct. 2220, 26 L.Ed.2d 573 (1970).

■■ The qualifications of veniremen to serve as jurors rest in the sound discretion of the trial judge and his decision should not be disturbed unless there has been a clear abuse of that discretion. *State v. DeClue,* 400 S.W.2d 50, 57 (Mo.1966). We do not find the trial court's decision not to strike these jurors for cause to be an abuse of his discretion.

Appellant's second contention is that the trial court committed prejudicial error in overruling his motion for mistrial when the prosecutor mentioned appellant's prior felony conviction during his final argument. On direct examination, the defendant admitted he had a prior felony conviction.

During his closing argument the prosecutor told the jury that life imprisonment was the only punishment for first degree murder. The prosecutor then discussed punishment for the other two charges:

> "The other two counts have much more latitude. You were given ranges from

---

1. See *State v. Mosier,* 102 S.W.2d 620[7] (Mo.1937) for an example of the correct phrasing of a question on voir dire.

2. In the case before this court an instruction was given to the effect that the state had the burden of proving appellant was at the scene of the crime, and that if all the evidence in the case did not establish beyond a reasonable doubt that appellant was present at the scene of the crime, appellant should be acquitted.

two years on up on the assault, to five years on up for the robbery. I'll make a suggestion. You will be the sole determinant of what the punishment should be, but take into account: The defendant is seventeen years old. He is [sic] already got one felony conviction."

The court denied appellant's request for a mistrial, but it did sustain the objection to the remark and instruct the jury to completely disregard it.

■ The prosecutor was entitled to comment upon appellant's prior conviction as it affected his credibility. *State v. Mobley,* 369 S.W.2d 576 (Mo.1963). Nor is this a case where the prosecutor impermissibly argued appellant's prior conviction to establish his guilt. *State v. Mobley,* supra; *State v. Thorpe,* 359 Mo. 796, 223 S.W.2d 479, 481 (1949). Here the prosecutor merely suggested to the jury that since it would assess the punishment under statutes that provided for a range of punishment, then it should "take into account" appellant's age and prior felony conviction *after* it found him guilty.

We do not decide whether the prosecutor's comments as set out above were improper, since the jury verdict conclusively showed that appellant was not prejudiced by the comments. Here the jury gave the minimum punishments authorized by law of two years on the assault conviction and five years on the first degree robbery conviction. §§ 560.135 and 559.180 RSMo. 1969.

■ Likewise, we believe the trial court did not err in failing to declare a mistrial. Granting a mistrial is a drastic remedy to be exercised only when nothing short of a mistrial would remove the claimed prejudice. *State v. Flauaus,* 515 S.W.2d 873 (Mo.App.1974). Here the trial court quickly sustained the objection and instructed the jury to disregard the prosecutor's remarks. The court's action adequately cured any error.

Appellant's third contention also involves a prosecutorial remark that is claimed so

prejudicial as to have warranted a mistrial. In his closing argument the prosecutor discussed the punishment the jury could assess if it found appellant guilty. A conviction on the first degree murder charge would call for a mandatory life imprisonment sentence. The prosecutor then asked the jury to impose twenty-five year imprisonment terms for convictions on both the robbery and assault charges.

The appellant contested the prosecutor's punishment recommendations in his final argument:

"DEFENSE COUNSEL: The State of Missouri is asking to put this man away for the rest of his life. [The prosecutor] comes up and throws the number of twenty-five on each other count. Do you know how long twenty-five years is sitting in a penitentiary? Do you know how long it is? The rest of a man's life. He is seventeen years of age____

PROSECUTOR: There is no evidence of how long he is going to serve. I object to this line of argument.

THE COURT: Overruled."

The appellant requested a mistrial, charging that the prosecutor's statement inferred that the appellant would be given "something less than life if he was convicted." The court denied the motion for mistrial; but it did sustain the objection to the prosecutor's remark and it instructed the jury (1) to disregard the prosecutor's statement and that (2) a life sentence was mandatory if they found the defendant guilty of first degree murder.

Contrary to the belief of both the court and the appellant, the prosecutor's objection does not seem to have been directed to the first degree murder charge, but rather to appellant's misleading suggestion that a twenty-five year sentence on the second and third counts would be in effect a life sentence for a seventeen-year-old defendant. The prosecutor was entitled to retaliate against this misleading suggestion by telling the jury that a twenty-five year

sentence could not be equated with a sentence for "the rest of a man's life."

■ The prosecutor here did not impermissibly urge the jury to impose sentences of twenty-five years on Counts II and III because of an anticipated mitigation, such as parole, pardon, etc. *State v. Coleman,* 460 S.W.2d 719, 727 (Mo. banc 1970). Nor was the prosecutor attempting to influence the jury to transfer their responsibility to some other person or body, such as the parole board. *State v. Lewis,* 443 S.W.2d 186 (Mo.1969). The prosecutor was entitled to give a limited but pertinent reply to the misleading statement of appellant's counsel. *State v. Richards,* 467 S.W.2d 33[15] (Mo. 1971).

■ We hold that the prosecutor's statement did not go beyond the bounds of proper retaliatory argument. We also note that the jury evidently followed the court's instruction to disregard the prosecutor's remark because they imposed the minimum sentences allowed by law for the robbery and assault convictions. Appellant thus cannot claim any prejudice.

Appellant's fourth and final contention is framed in terms of alleged instructional error, but he essentially is claiming his conviction for first degree murder under the felony murder doctrine and his conviction for first degree robbery, the underlying felony, subjected him to double jeopardy. Appellant claims that all the elements of robbery are necessary to prove the offense of felony murder and no additional fact need be proved to sustain the conviction of robbery.

We believe the recent Missouri Supreme Court case of *State v. Chambers,* 524 S.W.2d 826 (Mo. banc 1975) effectively disposes of appellant's claim. In *Chambers* the defendant was convicted of one count of stealing and four counts of second degree murder. He claimed that the trial court erred in submitting the stealing count and the four counts of second degree murder; that double jeopardy was violated because the underlying felony of stealing, being an essential part of felony murder, merged into the murder counts, they being the greater charge; that a conviction on one felony would exclude a conviction on the other felony.

The *Chambers* court extensively reviewed the rationale of the felony-murder rule and the application of that rule in Missouri and other jurisdictions. The court finally concluded at page 831:

"[W]here a homicide is prosecuted under the felony-murder rule, the other felony does not become, *a fortiori,* merged in or an element of the offense of murder, and the defendant may be prosecuted for both the homicide and the underlying felony without being twice placed in jeopardy *if the conviction of each offense requires proof of essential elements not required for conviction of the other.* Accordingly, the convictions of this defendant did not violate the rule against double jeopardy because, as demonstrated, the underlying felony of stealing required proof of essential elements differing from or not necessary to the felony-murders in the second degree." (Emphasis added).

In the instant case appellant was charged with and convicted of first degree murder (Section 559.010 RSMo. 1969), the elements of which are a homicide accompanied by premeditation, wilfulness, deliberation and malice aforethought or a homicide committed in the perpetration or attempt to perpetrate any arson, rape, robbery, burglary or mayhem. Appellant was also charged with and convicted of first degree robbery (Section 560.120 RSMo. 1969), the essential elements of which are a taking the property of another from his person, or in his presence, and against his will, by violence to his person, or by putting him in fear of some immediate injury to his person.

■ The elements of the two offenses are thus dissimilar. Proof of different elements is necessary to each offense, even though the same evidence may go to both offenses. The offense of robbery requires

proof of a taking of property; the offense of murder requires proof of a killing.

The judgment is affirmed.

WEIER, P. J., and RENDLEN, J., concur.

